**UNITED STATES of America, Appellee,**

v.

**Eric Paul DURCAN, Appellant.**

**No. 76–1113.**

United States Court of Appeals, Ninth Circuit.

July 22, 1976.

Thomas W. Hillier, Asst. Federal Public Defender, Spokane, Wash., for appellant.

Stan Pitkin, U. S. Atty., Seattle, Wash., for appellee.

## OPINION

Before ELY and CHOY, Circuit Judges, and ORRICK,* District Judge.

ELY, Circuit Judge:

The trial of the present appellant was severed from that of his co-defendant, one Spodnick, and Durcan was convicted by a jury of violations of 18 U.S.C. § 542, entry of goods into the United States by means of a false statement, and of 18 U.S.C. § 545, smuggling goods into the United States. He was also convicted of having transported a firearm in interstate or foreign commerce while a fugitive from justice, a violation of 18 U.S.C. § 922(g)(2). Prior to trial the Government dismissed a charge against Durcan of transporting stolen goods in interstate or foreign commerce. Durcan was sentenced to concurrent terms of 2 years' imprisonment on count I and 5 years' imprisonment on count II. On his conviction for transporting a firearm while a fugitive, a 5-year sentence was imposed, and the sentencing judge prescribed that the latter sentence should run consecutively to the 5-year term of imprisonment resulting from the conviction on count II. Durcan appeals on two grounds: (1) That the trial court committed reversible error in admitting evidence relating to burglaries that had been committed in the United States and Canada and (2) that the prosecution failed to prove that he was a "fugitive from justice" within the meaning of 18 U.S.C. § 922(g)(2).

On August 22, 1975, Durcan, Spodnick, and two others entered the United States from Canada at Blaine, Washington. Durcan was driving his car and towing a "U–Haul" trailer. He told Customs inspectors that he and his passengers were from Florida and had been in Canada six days. In response to routine inquiries, all denied acquiring any goods in Canada that should be declared. However, Spodnick admitted that he had a shotgun with him, and the inspectors sent the vehicle to a secondary inspection point where the car and trailer were searched. The search revealed several guns, a sizable quantity of camera equipment, jewelry, credit cards, lockpicks, and personal effects. The Vancouver, B.C. police department advised United States Customs officers that one of the cameras had been reported stolen. Spodnick claimed ownership of the camera and was arrested for smuggling.

While the search was in progress, the American authorities learned that there was an outstanding warrant for Durcan's arrest, issued in Dade County, Florida. Durcan told the officers that he had just learned of the warrant the previous day and was en route to Miami to resolve the matter. He was taken into custody. Officials subsequently learned that many of the items found in the trailer and trunk of the car had been taken in burglaries in California and Washington in July and August, 1975, and in the area of Vancouver between August 19–22, 1975.

At trial, Durcan offered to stipulate that the articles in question had been acquired in Canada. But the prosecution refused to accept the stipulation, leading the trial court to allow the prosecution to introduce testimony that the goods had been stolen in burglaries in Canada and the United States.

▆ Durcan here argues quite forcefully that there was no need to prove how the items were acquired and that the introduction of the evidence concerning the burglaries was error. We agree. In the majority's view [1] it was error to allow the introduction of this testimony. In the interest of fairness the trial court should have compelled the prosecution to accept the pertinent stipulation proffered by refusing to allow into evidence testimony concerning how the items were acquired. Certainly

---

* Honorable William H. Orrick, Jr., United States District Judge, Northern District of California, sitting by designation.

1. Judge Choy disagrees because: It was within the province of the trial judge in exercise of his discretion to determine whether the probative value of the evidence outweighed the prejudice to Durcan. Under the circumstances, there was no abuse of discretion. The stipulation tendered was only that "the evidence in question, the articles, were acquired in Canada and

the evidence was not admissible on the ground that it tended to show common purpose, scheme or design. The offense of burglary is far removed, in its nature, from the offense of smuggling. Nor was the evidence necessary to prove Durcan's knowing possession of the property. Our court has held repeatedly that, absent special circumstances, a jury may reasonably infer that the driver of a vehicle has knowledge of the vehicle's contents. *United States v. Westover,* 511 F.2d 1154 (9th Cir. 1975), *cert. denied,* 422 U.S. 1009, 95 S.Ct. 2633, 45 L.Ed.2d 673 (1975); *United States v. Dixon,* 460 F.2d 309 (9th Cir. 1972), *cert. denied,* 409 U.S. 864, 93 S.Ct. 157, 34 L.Ed.2d 112 (1972). Even if there were any conceivable reason for admitting the evidence, the prejudice to Durcan in the context of this case so far outweighed the proof's probative value that the evidence should have been excluded.

However, despite this indefensible admission of irrelevant testimony, we do not reverse Durcan's conviction on the false statement and smuggling counts. There was overwhelming evidence of Durcan's guilt on these counts. Thus, the error was harmless and the judgments of conviction on the smuggling and false statement charges are therefore affirmed.

Durcan next contends that his conviction for transporting a firearm must be reversed because the prosecution failed to prove he was a "fugitive from justice" within the meaning of the statute. This contention, indisputably, is well taken. The Government argues that Durcan waived his right to raise this issue on appeal because of his failure to move for a judgment of acquittal at the close of all the evidence in the trial court. If the court were to follow this traditional rule in the present case, Durcan would be obliged to serve an additional 5 years' imprisonment on the firearm charge alone. We reject the Government's response for the significant reason that the prosecution was unable to prove an essential element of the alleged crime in question.

The term "fugitive from justice" is defined in 18 U.S.C. § 921(a)(15) as "any person who has fled from any State to avoid prosecution for a crime . . ." The interpretation of this language is a question of first impression in this court and, insofar as we have determined, it has not previously been construed by other Courts of Appeals. But we have very recently considered the meaning of similar language found in 18 U.S.C. § 3290. In *United States v. Wazney,* 529 F.2d 1287, 1289 (9th Cir. 1976), we wrote:

[I]n order to establish that an accused was "fleeing from justice" within the meaning of section 3290, the prosecution must meet the burden of proving that the accused concealed himself *with the intent to avoid arrest or prosecution.* (Emphasis added.)

The prosecution therefore had a similar burden in this case. In order to establish that Durcan was a "fugitive from justice" within the meaning of section 922(g)(2), an indispensable requisite of the prosecution's proof was that Durcan had left Florida with the intent to avoid arrest or prosecution. Yet, the only evidence offered as to when and under what circumstances Durcan departed Florida was the unrebutted testimony that Durcan and his companions left the state on June 16, 1975, on a vacation. The warrant for Durcan's arrest was not issued until July 21, 1975, *more than a month later.* The prosecution argues that the chronological order of events is of no importance in determining Durcan's intent and that it has carried its

were found in the vehicle." It did not cover Durcan's *knowledge* of what was in the vehicle and the trailer. Knowledge is an essential element under 18 U.S.C. §§ 542 and 545, the false statement and the smuggling charges. *Olais-Castro v. United States,* 416 F.2d 1155, 1158 (9th Cir. 1969). It is true that the jury might reasonably infer that the driver of the vehicle had knowledge of the vehicle's contents. But it is not for this court to declare from hindsight that it was not reasonable for the trial judge to permit the Government to rely on evidence additional to that inference to prove its case. Every lawyer knows the foolhardiness of relying solely on inference when positive evidence is available.

**32**

burden of proof by showing that the warrant was outstanding when Durcan re-entered the United States, that appellant was aware of the warrant and had made no attempt to surrender to authorities, and that at the time of his arrest, he was driving a vehicle laden with stolen property. This is a "make-weight" refutation. The statute provides that *flight* in some circumstances is the crime, *not* a failure to surrender.

Although the bare fact that Durcan left Florida several weeks prior to the issuance of the warrant would not be conclusive proof of his innocent intent in the face of convincing evidence to the contrary, the prosecution's tenuous proof in this case is simply not sufficient to establish the requisite specific intent required by section 922(g)(2). Durcan's conviction on the "fugitive from justice" charge is vacated. Otherwise, the judgments of conviction are affirmed.

AFFIRMED IN PART; REVERSED IN PART.