UNITED STATES of America,
Plaintiff-Appellee,

v.

Byron Felix KALAMA,
Defendant-Appellant.

No. 76–1786.

United States Court of Appeals,
Ninth Circuit.

Dec. 6, 1976.

As Amended Jan. 12, 1977.

Thomas M. Schneiger, Federal Public Defender (argued), Metropolitan Public Defenders, Portland, Ore., for defendant-appellant.

Jack Wong, Asst. U. S. Atty. (argued), Portland, Ore., for plaintiff-appellee.

Before TRASK and GOODWIN, Circuit Judges, and JAMESON,* District Judge.

TRASK, Circuit Judge:

This is a criminal appeal from a verdict of guilty on a seven-count indictment. The charges against appellant concern the unlawful possession and making of firearms in violation of 26 U.S.C. § 5861(d) and (f) and 18 U.S.C.App. § 1202(a)(1).

During August and September of 1975, a series of armed robberies of taverns in northern Oregon took place. On September 17, 1975, appellant and one Chris Stacona were arrested by local authorities at a tavern in Portland and a key to a motel room was found on Stacona's person.[1] Subsequently, warrants were issued directing the search of the motel room and appellant's car.

The search of the motel room, Room 123 of the Flamingo Motel in Portland, yielded four sawed-off weapons, including all those described in the indictment. The search of appellant's automobile produced an automatic pistol and ammunition.

On September 30, 1975, a warrant was issued directing the search of the appellant's home on the Warm Springs Indian Reservation. That search yielded parts of firearms as well as tools used in the manufacture of firearms. During the trial, a government expert offered testimony linking the tools and parts found in the shed to the firearms seized from the motel.

On appeal appellant contends that the affidavit upon which the search warrant of the motel room issued did not establish probable cause. Appellant argues that the information regarding appellant's use and possession of the weapons was stale, and also that there was not a sufficient "nexus" established between the items to be seized and the place to be searched.

■ Probable cause to issue a search warrant is said to exist when the facts and circumstances shown in the affidavit would warrant a man of reasonable caution in the belief that the items to be seized were in the stated place. *Brinegar v. United States,* 338 U.S. 160, 175–76, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949). In determining the existence of probable cause, courts are to interpret the supporting affidavits in a "commonsense and realistic fashion," and substantial deference is to be afforded the decision of the magistrate. *United States v. Bowers,* 534 F.2d 186, 188 (9th Cir. 1976).

■ The affidavit recites that appellant and his co-defendant were positively identified as participants in eleven armed robberies which had occurred during the previous month. Surely a commonsense inference from this fact is that the perpetrators were likely to continue this spree and that they had retained their weapons for this purpose. The fact that appellant's cohort had been occupying Room 123 for three days would indicate that the room was likely to be current "base of operations" and that the weapons were likely to be found there. Therefore, we find that there was probable cause within the rule of the authorities cited to support the issuance of the search warrant in question.

■ Appellant's next assignment of error involves count II of the indictment which charges appellant with possessing a firearm

---

* Honorable William J. Jameson, Senior United States District Judge, District of Montana, sitting by designation.

1. No question has been raised concerning the validity of the original arrest.

after having previously been convicted of a felony. Prior to trial, appellant moved to strike from count II of the indictment reference to the prior conviction for murder, and offered to stipulate merely to the fact of the prior conviction of a felony. Appellant contends that the trial court's denial of his motion was reversible error.

This court has previously considered this question in *United States v. Durcan*, 539 F.2d 29 (9th Cir. 1976). Durcan was convicted by a jury of violations of 18 U.S.C. § 542, entry of goods into the United States by means of a false statement, and of 18 U.S.C. § 545, smuggling goods into the United States. At trial, Durcan offered to stipulate that the articles in question had been acquired in Canada. But the prosecution refused to accept the stipulation, and the trial court allowed the prosecution to introduce testimony that the goods had been stolen in burglaries in Canada and the United States.

The majority in *Durcan* held that it was error to allow the introduction of testimony that the goods had been stolen. The court found no conceivable reason for admitting the evidence, and even if such reason existed, the court observed that "the prejudice to Durcan . . . so far outweighed the proof's probative value that the evidence should have been excluded." *Id.* at 31. Despite this error the court did not reverse Durcan's conviction on the false statement and smuggling counts. The court held the error harmless in view of the overwhelming evidence of Durcan's guilt on these counts.

The reasoning of the court in *Durcan* does not compel us to reverse appellant's convictions in the instant case. First, *Durcan* is distinguishable from this case. The evidence of the burglaries introduced in *Durcan* was objectionable largely because the crime of burglary was not an integral part of the offense charged, smuggling. All the prosecution had to prove in *Durcan* was *where* the goods were acquired, no *how*. In the instant case, however, the fact of a prior felony is an integral part of the offense of possession of a firearm by a convicted felon. Second, even if the failure of the trial court to compel the prosecution to accept the pertinent stipulation was error in the instant case, such error was harmless in light of the abundant evidence of appellant's guilt.

■ Appellant's third and fourth contentions deal with the sufficiency of the evidence to support convictions under counts IV and VI of the indictment (unlawful making of firearm). We have examined the evidence, as we must, in the light most favorable to the government. *Glasser v. United States*, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942). We find that there is substantial evidence to support the convictions on these counts.

■ Appellant's next assignments of error deal with the trial court's instructions concerning aiding and abetting as they relate to counts IV and VI, and concerning joint and constructive possession. We find that the trial court did not err in instructing the jury on aiding and abetting as to counts IV and VI of the indictment. While there was no direct evidence regarding counts IV and VI, there was an abundance of circumstantial evidence. That evidence clearly justified the view that appellant and Stacona were cooperating not only in the robberies but also in the manufacture of the weapons used. Therefore, the instruction was proper. We also find that the trial court did not err in instructing the jury on joint and constructive possession. The law regarding possession of firearms is clear. Proof of possession need not be proof of exclusive actual possession, but may be proof of constructive or joint possession. *United States v. LaGue*, 472 F.2d 151, 152 (9th Cir. 1973); *United States v. Craven*, 478 F.2d 1329, 1333 (6th Cir.), *cert. denied*, 414 U.S. 866, 94 S.Ct. 54, 38 L.Ed.2d 85 (1973). The trial court's instructions on joint and constructive possession were correct statements of the law. They were not unduly confusing. Therefore, the trial court did not err in giving those instructions.

Appellant's final assignment of error has merit. Both possession and making of an unregistered firearm violate the National Firearms Act, 26 U.S.C. § 5861(d) and (f). The imposition of consecutive sentences for possession (count I) and making (count IV) the same firearm, the "Nylon 66" rifle, constitute an unlawful pyramiding of punishments. *United States v. Clements*, 471 F.2d 1253, 1257 (9th Cir. 1972). Furthermore, the imposition of consecutive sentences for possession (count V) and making (count VI) of the Stevens shotgun also unlawfully pyramided the punishment appellant received.

The conviction of appellant is affirmed. The sentence is vacated and the cause is remanded to the district court for resentencing to a term not to exceed the maximum punishment that can be imposed in light of this court's decision in *United States v. Clements, supra.*