UNITED STATES of America, Plaintiff–Appellee,

v.

Douglas Paul BREITKREUTZ, Defendant–Appellant.

No. 91–30285.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 1, 1992.

Decided Oct. 29, 1993.

James E. Siebe, Siebe, Landeck, Westberg & Judge, Moscow, ID, for defendant-appellant Douglas Paul Breitkreutz.

Kim R. Lindquist, Asst. U.S. Atty., Boise, ID, for plaintiff-appellee U.S.

Before: FARRIS, NORRIS and KOZINSKI, Circuit Judges.

KOZINSKI, Circuit Judge:

We consider how the government may go about proving a defendant's prior crimes when they are an element of the charged offense.

### Background

A jury convicted Breitkreutz of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g), and the court sentenced him to 15 years in prison as a career criminal pursuant to 18 U.S.C. § 922(e). When he was arrested, Breitkreutz was driving a pickup truck that had been reported stolen. Behind the seat of the truck was a rifle. He denied knowledge of the weapon when police found it, and he told the arresting officer he had borrowed the truck from one David Duval. Breitkreutz wasn't charged with the theft of the truck, but with possessing the rifle, a much more serious matter for someone like Breitkreutz with three prior felony convictions.

The government proceeded under a constructive possession theory: Because Breitkreutz was driving a truck with a rifle behind the seat, it could be inferred he possessed the rifle. The owner of the truck testified he did not put the rifle in it; a woman, who was

in the truck with Breitkreutz at the time of his arrest, testified she had no knowledge of the rifle; Breitkreutz maintained he didn't know about it either. He said he hoped Duval could explain the rifle's presence. But he never located Duval, so he relied mostly on his own testimony that he neither owned the gun nor knew it was there.

## I

■ Breitkreutz contends the district court erred in denying his motion to dismiss the indictment for pre-indictment delay: The indictment was filed 31 months after he was first arrested. Preindictment delay violates due process if it "caused substantial prejudice to [defendant's] rights to a fair trial and ... the delay was an intentional device to gain tactical advantage over the accused." *United States v. Marion*, 404 U.S. 307, 324, 92 S.Ct. 455, 465, 30 L.Ed.2d 468 (1971). Breitkreutz argued (1) the government brought the federal charges to pressure him to enter a plea in an unrelated case in a different district; and (2) he was prejudiced because he could not find Duval. The district court denied the motion without an evidentiary hearing. Breitkreutz asks us to dismiss the indictment or, in the alternative, remand for an evidentiary hearing.

■ Given Breitkreutz's failure to demonstrate any prejudice at all, we can't conclude the district court erred. Breitkreutz's argument turns entirely on the unavailability of Duval; yet, the only evidence Duval ever existed is Breitkreutz's own testimony and the testimony of other witnesses that Breitkreutz mentioned Duval's name to them. Equally important, Breitkreutz offered no evidence that Duval's testimony would have been exculpatory. Because Breitkreutz has failed to discharge his burden of proving that he "suffered actual prejudice because of the delay," his pre-indictment delay claim fails. *See United States v. Horowitz*, 756 F.2d 1400, 1405 (9th Cir.1985); *see also United States v. Aguirre*, 994 F.2d 1454, 1458 (9th Cir.1993).

## II

Breitkreutz next argues the district court abused its discretion in admitting evidence of three prior felony convictions. The government offered evidence of the convictions to prove Breitkreutz had "been convicted ... of a crime punishable by imprisonment for a term exceeding one year," an element of 18 U.S.C. § 922(g). He builds two separate arguments on Federal Rule of Evidence 403.[1] First, Breitkreutz contends that the government shouldn't have been allowed to introduce proof of *any* prior felonies because he had offered to stipulate that he was a convicted felon. Second, if the government was entitled to prove up any felonies at all, it shouldn't have been allowed to prove three when one would have fully satisfied its burden under section 922(g).

■ **A.** As the Supreme Court has noted, "the prosecution's burden to prove every element of the crime is not relieved by a defendant's tactical decision not to contest an essential element of the offense." *Estelle v. McGuire*, —— U.S. ——, ——, 112 S.Ct. 475, 481, 116 L.Ed.2d 385 (1991). Thus, the government is not precluded from charging and proving a prior offense by a defendant's offer to stipulate to it: "Regardless of the [defendant's] willingness to stipulate, the government [is] entitled to prove the [crime] by introduction of probative evidence." *United States v. Gilman*, 684 F.2d 616, 622 (9th Cir.1982) (citation omitted); *see also United States v. Kalama*, 549 F.2d 594, 596 (9th Cir.1977).[2] The unwillingness of courts to

---

1. Rule 403 states: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

2. *Gilman* and *Kalama* distinguished an earlier case, *United States v. Durcan*, 539 F.2d 29 (9th Cir.1976), where the government refused a stipulation and introduced evidence that items imported from Canada had been obtained there by theft. In *Durcan*, however, the fact that the goods were stolen was not relevant to the charged offense, smuggling; that they came from Canada was all that mattered:

The evidence of the burglaries introduced in *Durcan* was objectionable largely because the crime of burglary was not an integral part of the offense charged, smuggling. All the prose-

force the prosecutor to accept a criminal defendant's stipulation is based on the long-standing rule that "the criminal accused cannot 'plead out' an element of the charged offense by offering to stipulate to that element." Edward J. Imwinkelried, *The Right to "Plead Out" Issues and Block the Admission of Prejudicial Evidence*, 40 Emory L.J. 341, 357 (1991)[3]; *see also* 22 Charles Alan Wright and Kenneth W. Graham, *Federal Practice and Procedure*, § 5194 at 198–99 and nn. 37–38 (1978).

Indeed, we recently noted that if proof of the underlying conviction in a section 922(g)(1) action were excluded, it would "change the nature of the crime charged." *United States v. Barker*, 1 F.3d 957, 960 (9th Cir.1993). In *Barker*, we held the district court could not bifurcate the single offense of being a felon in possession into separate proceedings for felony status and possession because "[p]roof of the felony conviction is essential to the proof of the offense." *Id.* at 959 n. 3.[4]

Breitkreutz nevertheless argues the district judge should have taken the stipulation into account in deciding whether to admit proof of his prior felonies under Fed.R.Evid. 403. The proffered stipulation, Breitkreutz contends, would have fully satisfied the government's burden of proving that he was a convicted felon. Thus, any mileage the government got from the judgment of conviction above and beyond the stipulation would, of necessity, have been unduly prejudicial. *See United States v. Hitt*, 981 F.2d 422, 424 (9th Cir.1992).

Breitkreutz goes astray in presuming that a proffered stipulation is an alternative means of proof which the district court should consider in its 403 balancing. *See* Advisory Committee's Note to Fed.R.Evid. 403. A stipulation is not proof. As we explained above, it's a partial amendment to the defendant's plea, a means of precluding any and all proof on a particular issue. *See Sinaloa Lake Owners Ass'n v. City of Simi Valley*, 882 F.2d 1398, 1400 n. 1 (9th Cir.

---

cution had to prove in *Durcan* was *where* the goods were acquired, not *how*. In the instant case, however, the fact of a prior felony is an integral part of the offense of possession of a firearm by a convicted felon.

*Kalama*, 549 F.2d at 596 (emphasis in original). *Kalama* stressed that evidence comprising an "integral part" of the offense need not be excluded merely because the defendant offers to stipulate. *Id.*

3. Professor Imwinkelried does not cite this practice with particular approval. Indeed, he argues it is constitutionally suspect on equal protection grounds. *Id.* at 360. Breitkreutz did not raise this issue and we therefore have no occasion to consider the merits of Professor Imwinkelried's thesis.

4. Our concurring brother makes much of the fact that *Barker* noted in passing that proof of the felony conviction could be "through stipulation or contested evidence" and that "[t]he underlying facts of the prior conviction are completely irrelevant under § 922(g)(1); the existence of the conviction itself is not." *Id.* at 959 n. 3. We do not detract from these statements today: The prosecution may choose to prove up the felony by either stipulation or evidence: *Barker* itself recognizes that stipulations differ from contested evidence. *Id.* And, while the underlying facts of the felony may not be relevant, the conviction judgment or other proof—which may state the nature of the conviction—most certainly is. The concurrence reaches the opposite conclusion

only by importing a Rule 403–type balancing to determine relevance under Rule 401—an approach explicitly rejected by the advisory committee notes: "While situations will arise which call for the exclusion of evidence offered to prove a point conceded by the opponent, the ruling should be made on the basis of such considerations as waste of time and undue prejudice (see Rule 403), rather than under any general requirement that evidence is admissible only if directed to matters in dispute." Advisory Committee's Note to Fed.R.Evid. 401.

*United States v. Poore*, 594 F.2d 39 (4th Cir. 1979), is equally inapposite. In *Poore*, the defendant had offered to stipulate to the earlier conviction and the government had accepted the stipulation: "[Defendant] offered to, and in fact did, stipulate that he had previously been convicted of the felony of carrying a handgun." *Id.* at 40–41. Thus *Poore* has no bearing on whether or not the prosecutor must accept a stipulation; the issue was whether, once the parties stipulated, the district court erred by failing to redact the indictment to remove references to the nature of the offense. *Poore* made it clear that it was not dealing with our case by comparing its limited holding with that of *United States v. Smith*, 520 F.2d 544, 548 (8th Cir.1975), where "the government [was] not required to accept defendant's proffered general stipulation of conviction of felony or that of a prior felony conviction to the one relied upon in lieu of offering proof thereof." *Poore*, 594 F.2d at 41.

1989). A stipulation thus has no place in the Rule 403 balancing process.

Breitkreutz's suggested approach would also seriously undermine the rule that the prosecution has a right to refuse a stipulation. In every case where the defendant offers to stipulate to a prior felony—or to anything else in the prosecution's case for that matter—the Rule 403 balance would tip against the prosecution's evidence because it inevitably would have little if any probative value beyond that of the stipulation. Allowing stipulations to be weighed in the Rule 403 balancing process would thus defeat the rule against partial guilty pleas in most cases.

■ **B.** Breitkreutz fares better with his second argument, which challenges the introduction of *three* judgments of conviction to prove up a single prior felony. The district court is not required to explain precisely how it conducts its Rule 403 balancing. *See, e.g., United States v. Anderson,* 850 F.2d 563, 565 (9th Cir.1988); *United States v. Johnson,* 820 F.2d 1065, 1069 & n. 2 (9th Cir.1987). But there must be enough in the record for us to figure out whether the court understood the limits of its discretion and considered only relevant factors. *United States v. Soulard,* 730 F.2d 1292, 1296 (9th Cir.1984). Here, the record is unclear.

For the reasons we explain above, the government would have been entitled to introduce at least one judgment of conviction to satisfy its burden under 18 U.S.C. § 922(g). The government also invoked section 924(e), the career felony statute, which provides a statutory minimum sentence if the defendant has committed three prior felonies. The district court seems to have been misled into thinking the government was required to prove those three felonies to the jury:

> Mr. WATSON (defense counsel): Your Honor, ... we would stipulate that the defendant has been found guilty of a prior felony exceeding one year.
>
> Mr. GRISHAM (AUSA): Well, he's also been charged with the career criminal statute, Your Honor, number of felonies convicted of have an effect, and that is where we named three in the indictment, and seek to introduce three here.

> THE COURT: Exhibits 2, 3, 3–A and –B will be admitted.

RT 60–61.

■ Section 924(e), however, does not define a separate offense to be proven before the jury, but a sentence enhancement to be applied by the court. *See United States v. West,* 826 F.2d 909, 911–12 (9th Cir.1987); *United States v. Dunn,* 946 F.2d 615, 619–20 (9th Cir.1991). The jury had to find only one felony to satisfy section 922(g). Because the district court was apparently swayed by the mistaken argument that the second and third convictions were being introduced to satisfy section 924(e), we can't be confident it properly conducted the sensitive balancing Rule 403 calls for.

It's possible the district court let the government introduce all three priors on the theory that it is entitled to meet its burden of proof as to a single felony three different ways. But the balance between probative value and unfair prejudice shifts dramatically against the introduction of the subsequent felonies once the government proves up one. Once the government placed evidence of one of Breitkreutz's burglary convictions into the record, proof of the other two was cumulative and therefore likely to fail the Rule 403 test. The balance might have been struck somewhat differently if the proof of each felony was shaky and there was a genuine doubt whether the government could convince the jury beyond a reasonable doubt about even one. Normally, however, prior felonies are established by documentary proof that's hard to dispute; proof of more prior felonies adds very little of probative value and amounts to unfair piling on.

Were it clear from the record that the district court had these considerations in mind but nonetheless concluded all three convictions should be admitted, we might have deferred to its exercise of discretion. But we can't do so on the record before us.

C. We next consider whether this error was harmless. We've previously noted the conflict in our circuit over the standard of review for harmless error, *Hitt,* 981 F.2d at 425, but its resolution is unnecessary in this case. The error here wasn't harmless under

either the "fair assurance" or the "more probable than not" standard. The government proceeded on a case of constructive possession. The evidence linking Breitkreutz to the firearm was limited to the rifle's presence behind the seat of the stolen car he was driving. No fingerprints or other indicia of ownership were introduced. To convict, the jury had to draw an inference from circumstantial evidence; this delicate judgment might well have been thrown off by its knowledge of Breitkreutz's extensive criminal history.[5]

### III

■ Breitkreutz also appeals his sentence. Because the district court may again have to confront his sentencing challenges, we exercise our discretion to consider two of his arguments now. *See, e.g., Gregorian v. Izvestia,* 871 F.2d 1515, 1526 (9th Cir.1989). Breitkreutz argues the district court should not have treated possession of a firearm by a felon as a crime of violence within the meaning of U.S.S.G. § 4B1.1. Breitkreutz is right. *See United States v. Sahakian,* 965 F.2d 740 (9th Cir.1992). We also agree with him that the district court should have let him attack the constitutionality of the convictions that were the basis for enhancing his sentence as a career offender. *See United States v. Vea–Gonzales,* 999 F.2d 1326, 1332–33 (9th Cir.1993); *United States v. Clawson,* 831 F.2d 909, 914–15 (9th Cir.1987).[6] The district court relied on *Taylor v. United States,* 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), and *United States v. Sweeten,* 933 F.2d 765 (9th Cir.1991), in refusing to consider arguments about the constitutionality of the predicate offenses. These cases are inapposite because they do not deal with constitutional challenges, but with the question of whether prior offenses

were violent felonies within the meaning of the statute.

### REVERSED AND REMANDED

WILLIAM A. NORRIS, Circuit Judge, concurring:

I concur in the judgment and in all but part IIA of the majority's opinion. I agree with the majority that the admission of Breitkreutz's three prior felonies was error and that the error was not harmless. I write separately, however, to express my disagreement with the majority's view that the government is entitled to put into evidence the complete record of a prior conviction to prove that the defendant was a convicted felon at the time he was in possession of a firearm.

### I

The majority assumes without discussion that the nature of the past conviction is relevant to prove the crime of possession of a firearm by a convicted felon under § 922(g). In so doing, the majority creates a conflict with *United States v. Barker,* 1 F.3d 957, 959 n. 3 (9th Cir.1993) ("The underlying facts of the prior conviction are *completely irrelevant* under § 922(g)(1); the existence of the conviction itself is not" (emphasis added)). *Barker* held that a prosecution for the offense of being a convicted felon in possession of a firearm may not be bifurcated into two separate proceedings, one for each element of the offense, because the government must be permitted to prove each element to a jury. Unlike the majority in this case, however, *Barker* makes clear that while the government may put on evidence "proving an essential element of the charged offense," *Id.* at 959 (citing *United States v. Campbell,* 774 F.2d 354, 356 (9th Cir.1985)), it may not

---

5. Fed.R.Evid. 609 doesn't change this analysis. The force of Breitkreutz's own testimony that the rifle wasn't his and he didn't know it was under the seat was probably undercut by the jury's knowledge of his three prior convictions. This, however, doesn't help show the error was harmful because the convictions probably would have come in anyway under Rule 609 when Breitkreutz took the stand. But neither does Rule 609 support the conclusion that introducing the prior felonies was harmless. Breitkreutz's decision to take the stand might well have been made after

the court admitted the felonies; by then, he probably figured that their introduction for impeachment would do no further damage.

6. The government argues *Clawson* is limited to cases in which a defendant's claim regarding prior convictions can be determined without "elaborate investigations." Appellee's Brief at 32. We decline the invitation to create such a meaningless distinction.

694

inform the jury of the facts underlying the defendant's prior conviction, because they are not probative of whether the defendant is a convicted felon.

The majority creates a conflict not only with *Barker*, but also with the Fourth Circuit, which has held that once a defendant offers to stipulate to his status as a convicted felon, the prosecution may not put on evidence of the nature of the prior felony. *See United States v. Poore*, 594 F.2d 39, 41–43 (4th Cir.1979) (requiring prosecution to strike reference in indictment to nature of defendant's prior felony conviction after defendant offered to stipulate to his status as convicted felon).

The logic of *Barker* and *Poore* is compelling. An unredacted conviction judgment tells the jury something it has no need to know: the nature of the felony for which the defendant stands convicted. The elements of the crime charged are (1) the defendant's status as a convicted felon, and (2) his knowing possession of a firearm. The nature of the prior felony is wholly immaterial to his status as a convicted felon; Congress has said that *any* felony will suffice. Thus the nature of the felony has no "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." F.R.E. 401. That jurors might be more inclined to convict defendants who have committed violent or gun-related crimes—and more inclined to acquit those whose prior crimes may be regarded by the jury as less serious—is precisely why the jury should not be informed of the underlying facts of the prior conviction.

Because the nature of the defendant's prior conviction is irrelevant to a prosecution under § 922(g), the admission of a full conviction judgment into evidence necessarily constitutes trial error. The government must either introduce a redacted version of the conviction judgment that omits all references to the nature of the defendant's prior crimes or accept a defendant's proffered stip-

ulation. There is no need to engage in a balancing test under Rule 403, as the majority does, because there is no probative evidence to be weighed against its prejudicial effect. I continue my analysis in the next section for the sole purpose of taking issue with several broad, unsupported statements that also appear in the majority's analysis.

## II

The majority proposes what amounts to a per se rule that the prosecution need never accept a defendant's proffered stipulation. It reaches this conclusion from the premise that a stipulation "is not proof" and "thus has no place in the Rule 403 balancing process," Majority at 692, as well as from the notion that the prosecution has a "right to refuse a stipulation." *Id.*

The relevant question, however, is not whether a proffered stipulation constitutes proof, but rather under what circumstances the prosecution must accept one in lieu of putting on evidence of its own choosing. The majority's answer to this question—a blanket assertion that the prosecution has a unqualified "right" to refuse a stipulation—is hardly compelling.[1]

It is true that defense stipulations need not *always* be accepted. A jury understandably expects to be presented with direct evidence that the crime in question actually occurred. The majority errs, however, when it fails to differentiate between stipulations as to the defendant's status and those relating to his actions or state of mind in committing the crime.

We have held, and rightly so, that a prosecutor should have latitude to "tell the story" of the charged offense, and that a defendant may not block the admission of unfavorable evidence by "pleading out" an element of the crime. *See, e.g., United States v. Hadley*, 918 F.2d 848, 851–52 (9th Cir.1990) (defendant charged with aggravated sexual assault and abusive sexual conduct cannot prevent the admission of evidence of his criminal *intent* by offering not to contest the issue);

1. We have allowed prosecutors latitude, in certain circumstances, to refuse defense offers to stipulate. But we have never held that a prosecutor has a "right" to do so. The majority's

notion that the government has a "right" to introduce evidence, *see* Majority at 692, is, as far as I know, original with the majority.

*United States v. Campbell,* 774 F.2d 354, 356–57 (9th Cir.1985) (defendant charged with knowing receipt of stolen mail may not use a stipulation to block the admission of evidence that he *knew* the mail was stolen); *United States v. Gilman,* 684 F.2d 616, 622 (9th Cir.1982) (defendant charged with conspiracy to mail obscene materials cannot block proof of certain overt *acts* by offering to stipulate to their truth).

Each of these cases involved a defendant's attempt to exclude evidence regarding his actions or state of mind *at the time the crime was committed*—what the defendant intended, what he knew, or what he did.[2] In each of these cases, direct evidence was necessary to give the jury the "full flavor" of defendant's crime and to enable jurors to draw permissible inferences about what actually happened.

But when the question is simply the defendant's status as a convicted felon at the time the new crime was committed, these same concerns do not apply.[3] The facts of a defendant's *prior* crime do not help the jury determine whether the defendant was in fact a felon. As we said in *Barker,* those facts are "completely irrelevant." 1 F.3d at 959 n. 3. All they add is potential for unfair prejudice.

---

**2.** The majority cites no authority for the proposition that a prosecutor may refuse stipulations limited solely to the question of status. Although *United States v. Kalama,* 549 F.2d 594 (9th Cir. 1976), suggested that "the fact of a prior felony is an integral part of the offense of possession of a firearm by a convicted felon," *Id.* at 596, our court did not hold that the government may refuse a stipulation on the prior felony. Rather, we held that "even if the failure of the trial court to compel the prosecution to accept the pertinent stipulation was error in the instant case, *such error was harmless* in light of the abundant evidence of appellant's guilt." *Id.* (emphasis added).

**3.** The majority's overbroad statement that "in every case where the defendant offers to stipulate to a prior felony—or to anything else in the prosecution's case for that matter—the Rule 403 balance would tip against the prosecution's evidence because it inevitably would have little if any probative value beyond that of the stipulation," Majority at 692, illustrates the pitfalls of

lumping together without distinction all cases involving offers to stipulate. In cases that do not turn on the defendant's status, evidence tending to prove that the defendant satisfies an essential element of a crime necessarily has substantial probative value, with little risk of unfair prejudice. As the *Barker* court stated, "Evidence is prejudicial only when it has an additional adverse effect on a defendant beyond tending to prove the fact or issue that justifies its admission." 1 F.3d at 959 n. 3. That the defense proffers a stipulation does not affect this balance. In a § 922(g) prosecution, however, the government is entitled to prove nothing more than the defendant's status as a convicted felon. Regardless of whether the defendant offers to stipulate, the nature of his prior felony is not probative of whether he is a convicted felon and is likely to have an additional adverse impact on him before the jury. The government is therefore required to come up with more circumscribed evidence of the defendant's status or, if it is unwilling to do so, accept a stipulation if one is offered.