26 F.3d 134
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Edwin MORENO, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Mauricio CEBALLOS, Defendant-Appellant.
 Nos. 93-50480, 93-50589.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 5, 1994.*
Decided June 9, 1994.
 
 1
 Before: BROWNING and FLETCHER, Circuit Judges, and FITZGERALD, District Judge**.
 
 
 2
 MEMORANDUM***
 
 
 3
 * Admission of the testimony of Agent Gonzales concerning the profits, structure and operations of drug trafficking organizations was not plain error. See United States v. Armijo, 5 F.3d 1229, 1233 (9th Cir.1993). Evidence of profits was relevant to show a motive for the crime with which Moreno was charged. While there was other testimony showing the particular profits expected in this case, testimony concerning profits generally was relevant to show the reasonableness of these expectations. Gonzales's testimony concerning the structure and operations of drug trafficking organizations was relevant to show a conspiracy was probably behind the particular drug transactions established by the government. Gonzales's testimony was thus relevant, and its probity was not outweighed by any unfair prejudice.
 
 
 4
 Moreno contends Gonzales's testimony should have been excluded because Moreno stipulated to the contents of the luggage, but " 'the prosecutor's burden to prove every element of the crime is not relieved by a defendant's tactical decision not to contest an essential element of the offense.' " United States v. Breitkreutz, 8 F.3d 688, 690 (9th Cir.1993) (quoting Estelle v. McGuire, 112 S.Ct. 475, 481 (1991)).
 
 
 5
 The failure of the district court to exclude sua sponte the remarks by the prosecutor during closing argument was not reversible plain error. In referring to Moreno's nationality, the government generally focused on the logical, albeit slight, connection between Moreno's Colombian nationality and the conspiracy's connection to Colombia; in context, the remark did not encourage the jury to convict all Colombians regardless of individual guilt. Similarly, the government's argument that Moreno and his wife should be "held responsible" did not seriously affect the fairness, integrity, or public reputation of the proceedings. See Armijo, 5 F.3d at 1233. The government's rebuttal argument that the jury should "lump together" Moreno and his wife would raise serious concerns if Mrs. Moreno had been convicted, but she was not.
 
 II
 
 6
 The district court did not abuse its discretion in denying an evidentiary hearing or new trial based on jury misconduct. In support of his motion for a hearing and new trial, Moreno relied solely on hearsay statements by a juror regarding the nature of the jury's deliberation. The district court properly disregarded these statements. Federal Rule of Evidence 606(b) "prohibits the use of juror testimony to impeach a verdict when that testimony relates to intrinsic matters--that is, the internal, mental processes by which the verdict was reached." United States v. Hernandez-Escarsega, 886 F.2d 1560, 1579 (9th Cir.1989); accord United States v. Bagnariol, 665 F.2d 877, 884-85 (9th Cir.1981) (Jurors "may not be questioned about the deliberative process ... nor can such information be considered by the trial or appellate courts.").
 
 III
 
 7
 Moreno contends the district court clearly erred in making a two-level upward adjustment in Moreno's offense level based on his role as a "supervisor" because there was no evidence Moreno exercised control over others.[1] Recent amendments to the commentary to U.S.S.G. Sec. 3B1.1 state that an upward adjustment is also warranted for a defendant who exercises management responsibility over property, assets, or activities of a criminal organization. U.S.S.G. Sec. 3B1.1, comment. (n. 2) (1993). We may consider these amendments on appeal if they are clarifying, and not substantive. United States v. Carrillo, 991 F.2d 590, 591-92 (9th Cir.1993).
 
 
 8
 We conclude that this is a clarifying amendment. First, this amendment does not reduce the district court's discretion or alter the substantive meaning of the Guideline provision. See United States v. Johns, 5 F.3d 1267, 1269-72 (9th Cir.1993) (amendment to guidelines that prevents departure for youthful lack of guidance is not clarifying because it reduces sentencing judge's discretion and makes mandatory a more severe sentence that formerly was only discretionary). Moreover, the Guidelines reflect that the Sentencing Commission intended that this be a clarifying amendment, see U.S.S.G.App. C, n. 500 (1993), and our circuit generally gives weight to such declarations by the Sentencing Commission. See Johns, 5 F.3d at 1269.
 
 
 9
 There is sufficient evidence in the record to support the upward adjustment on the grounds that Moreno had management authority over property and activities of the conspiracy. Specifically, Moreno was the individual in charge of arranging the delivery of 117 kilograms of cocaine in Houston, a substantial amount of valuable property. His control over activities of the conspiracy can also be inferred from the authority and independent judgment exercised by Moreno in his dealings with Agent Verdugo.
 
 IV
 
 10
 We need not decide whether the district court erred by including the 73 kilogram delivery in calculating Moreno's offense level. Moreno does not dispute his responsibility for the 117 kilogram delivery and the anticipated delivery of another 150 kilograms. Regardless whether Moreno is also responsible for the 73 kilogram delivery, the relevant quantity remains between 150 and 500 kilograms and his sentence remains the same. See U.S.S.G. Sec. 2D1.1(c)(3).
 
 V
 
 11
 Ceballos contends the district court erred by not granting a two level decrease in offense level for his minor role in the drug conspiracy. As part of his plea agreement Ceballos waived the right to appeal his sentence and acknowledged this waiver when he pleaded guilty. Ceballos offers no reason why we should not enforce the waiver in this case. Accordingly, we dismiss Ceballos's appeal which, in any event, lacks merit. See, e.g., United States v. Navarro-Botello, 912 F.2d 318, 321 (9th Cir.1990).
 
 
 12
 * * *
 
 
 13
 In No. 93-50480, we AFFIRM Moreno's conviction and sentence. In No. 93-50589, we DISMISS Ceballos's appeal.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 Honorable James M. Fitzgerald, Senior Judge, United States District Court for the District of Alaska, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In sentencing Moreno to 293 months, the district court did not rule out the possibility of a 292 month sentence if the role enhancement was found erroneous. We therefore reject the government's argument that this issue is moot. See United States v. Rodriguez-Razo, 962 F.2d 1418, 1425 (9th Cir.1992)