28 F.3d 109
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Charles Dewitt MARTS, Defendant-Appellant.
 No. 93-50452.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 7, 1994.
Decided June 23, 1994.
 
 Before: FLETCHER, CANBY, and HALL, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Charles Dewitt Marts appeals his conviction for being a felon in possession of ammunition in violation of 18 U.S.C. Sec. 922(g)(1). Prior to trial, the parties agreed to stipulate that Marts was a convicted felon. At trial, the district court read the stipulation to the jury. Marts therefore contends the district court erred when it (1) refused to redact the indictment to eliminate reference to the nature of his previous felony conviction and (2) allowed the government to ask two questions about this previous conviction.
 
 
 3
 In this circuit, it is within the government's discretion to accept or reject an offer to stipulate. " 'Regardless of the [defendant's] willingness to stipulate, the government [is] entitled to prove the [crime] by introduction of probative evidence.' " United States v. Breitkreutz, 8 F.3d 688, 690 (9th Cir.1993). If, however, the government accepts the stipulation it acts as "a partial amendment to the defendant's plea, a means of precluding any and all proof on a particular issue." Id. at 691 (emphasis added). Thus, the stipulation in this case eliminated the need for any evidence on the nature of Marts' previous conviction. Considering the prejudicial impact of such information, the district court clearly abused its discretion both in allowing the government to ask questions regarding the nature of Marts' conviction and in refusing to read the redacted indictment.
 
 
 4
 The government challenges this conclusion on policy grounds, arguing that it should not be penalized when it decides to accept the defendant's offer to stipulate, an offer which it may freely reject. We simply cannot agree. Once the government has made its decision to accept an offer to stipulate it must abide by the terms and consequences of its decision. It was entirely unnecessary and improper for the government to ask the offending questions.
 
 
 5
 Nonetheless, the error was harmless. Marts' defense did not focus on any of the elements of the charged offense. Rather, Marts asserted that his conduct should be excused because he acted out of necessity. The story Marts offered to support this defense--a story different from the one given to the police at the time of his arrest--was simply incredible. Moreover, even if we were to find the story at all plausible, the evidence amply demonstrated that Marts had numerous opportunities to avoid the "necessity" of possessing ammunition. The government's erroneous comment in closing, which was quickly corrected by the district court, does not alter this conclusion. We conclude with fair assurance that evidence of the nature of Marts' previous conviction did not affect the jury's verdict.
 
 
 6
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3