78 F.3d 595
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Rodolfo MORENO, aka Raymond Edward Martinez, Defendant-Appellant.
 No. 95-10002.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 12, 1996.
Decided Feb. 26, 1996.
 
 1
 Before: CANBY and KLEINFELD, Circuit Judges, and COLLINS, District Judge.*
 
 
 2
 MEMORANDUM**
 
 
 3
 Moreno argues that he was deprived of due process and other rights by the government's deportation of Castillo, a material witness. To show that he was entitled to dismissal because the government deported Castillo, Moreno "must make an initial showing that the Government acted in bad faith and that this conduct resulted in prejudice to the defendant's case." United States v. Dring, 930 F.2d 687, 693 (9th Cir.1991) (emphasis in original). Unless a defendant can show bad faith on the part of the police, failure to preserve useful evidence does not constitute a due process violation. Id. at 695.
 
 
 4
 Moreno has made no showing of bad faith. He has not shown that Castillo was deported to make his testimony unavailable, nor has he shown anything else which could give rise to an inference that the deportation was in bad faith. At best, he has shown that Castillo was physically present when the alleged crime was committed, so in all likelihood he was a percipient witness to the events. He has not shown that Castillo would have testified, that his testimony would have been useful to Moreno, that the government knew what Castillo would have said, or that the deportation had anything to do with what the government feared Castillo might say at Moreno's trial. So far as we can tell from the record, the deportation was made by the INS in ignorance of and without regard to Moreno's case. Moreno has not shown that the government "departed from normal procedures" or deported Castillo to "gain an unfair tactical advantage." See Dring at 695. We review the denial of the motion to dismiss based on the deportation of Castillo for clear error, United States v. Vasquez-Gonzales, 654 F.2d 628, 630 (9th Cir.1981), and find none.
 
 
 5
 Moreno moved for leave to subpoena, at government expense, the former owners of the gun he was accused of possessing. He appeals the denial of this motion. We review the denial of motions for issuances of subpoenas for abuse of discretion. United States v. Bernard, 625 F.2d 854, 860 (9th Cir.1980).
 
 
 6
 Moreno was entitled to subpoena at public expense only witnesses "necessary to an adequate defense." Fed.R.Crim.P. 17(b). The district judge thought that the extremely slight probative value of testimony demonstrated that the witnesses in the chain of title were not necessary to an adequate defense:
 
 
 7
 [H]e's not charged with having title to the weapon, he's not charged with having purchased it. He's charged with possessing it and whether he had title to it, whether any of these people know how he got, or how whoever got it got it, it seems to me to be immaterial. I have a .410 shotgun that's been--a single shot shotgun that's been passed down to the kids in my generation, everyone for years and years and years, and the person who gave it to me for my son, first of all I don't remember who it was and I'll bet you a hundred dollars that he doesn't know who it was. So that doesn't prove anything. If I am guilty of possessing that shotgun, the fact that I have it is enough, how I got it doesn't mean anything.
 
 
 8
 That exercise of discretion was sound. What mattered was whether Moreno possessed the gun, not whether he owned it.
 
 
 9
 Moreno argues that he was denied his right to a speedy trial by the two month continuance of his sentencing, which eventually resulted in sentencing five months after he was convicted. Speedy trial claims are reviewed de novo. United States v. Manning, 56 F.3d 1188, 1193 (9th Cir.1995).
 
 
 10
 The traditional factors used to evaluate whether a defendant has been deprived of his right to a speedy trial are: (1) the length of the delay; (2) the reason the government assigns to justify the length of the delay; (3) the defendant's responsibility to assert his right; and (4) the prejudice to the defendant. Barker v. Wingo, 407 U.S. 514, 530-33 (1972).
 
 
 11
 The reason for the delay was a good one. Under Rule of Criminal Procedure 32(a)(1) in effect at the time, the imposition of sentence can be delayed "when there is a factor important to the sentencing determination that is not then capable of being resolved ..." Moreno put at issue the critical question of whether he was a "career criminal." Extra time was needed, by Moreno's lawyer as well as the probation office, to be sure of the answer.
 
 
 12
 The delay itself was short, only two or three months longer than the usual delay between conviction and sentencing. Nor was there significant prejudice. Moreno had been convicted, and was going to be sentenced to much more than the period of delay. The only prejudice to Moreno from the delay was an extra two or three months of anxiety about what his sentence might be.
 
 
 13
 Moreno argues that the government should not have been allowed to use an unredacted certified copy of his prior conviction to satisfy its burden under 18 U.S.C. § 922(g), because the proof that his prior felony was manslaughter was irrelevant and prejudicial. The district court's evidentiary rulings are reviewed for abuse of discretion. United States v. Manning, 56 F.3d 1188, 1196 (9th Cir.1995). There was no abuse of discretion, because this proof was permissible under United States v. Breitkreutz, 8 F.3d 688, 691 n. 4 (9th Cir.1993).
 
 
 14
 AFFIRMED.
 
 
 
 *
 The Honorable Audrey B. Collins, United States District Judge for the Central District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3