87 F.3d 1324
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
George PARARAS-CARAYANNIS, Defendant-Appellant.
 No. 95-10016.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 12, 1996.
Decided June 4, 1996.
 
 Before: SCHROEDER, D.W. NELSON and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The government need not prove a violation of the Travel Act, 18 U.S.C. § 1952, or Hawaii's prostitution laws, Haw.Rev.Stat. § 712-1200 et seq. Defendant was convicted of money laundering pursuant to 18 U.S.C. § 1956(a)(3), which requires only that he have "conduct[ed] or attempt[ed] to conduct a financial transaction involving property represented to be the proceeds of specified unlawful activity." Id. (emphasis added); see United States v. Manarite, 44 F.3d 1407, 1414 n. 10 (9th Cir.), cert. denied, 115 S.Ct. 2610 (1995).
 
 
 3
 "To establish a violation of [18 U.S.C. § 1956(a)(3) ], the government need not show that the law enforcement officers explicitly stated that the cash in question was the direct product of unlawful activity"; it's enough that the defendant's responses reveal that he understood the cash came from illegal sources. United States v. Nelson, 66 F.3d 1036, 1041 (9th Cir.1995). The evidence supported a finding that officers Christensen and Kresich represented to Pararas-Carayannis that the money was obtained in violation of the Travel Act. See 18 U.S.C. § 1952. The defendant warned officer Christensen that one of the dangers of "this kind of work" was "go[ing] with an undercover cop," reminded her that there were a lot diseases and cautioned that her employees should always use condoms. He also agreed that officer Kresich should "play stupid" if one of the escorts got caught and that the escorts should not "jump in bed immediately." In addition, Kresich said to the defendant, "But if I was rich would I be doing this? Would I be having, you know, dealing with prostitution? I don't think so." Finally, Kresich asked the defendant why he was getting involved in prostitution when it was illegal.
 
 
 4
 Even if the district court erred in denying Pararas-Carayannis' motion of acquittal as to counts 7-9, he was not prejudiced. Because a district court cannot rule on a motion of acquittal until the prosecution has presented its case, see Fed.R.Crim.P. 29, the jury would nonetheless have heard the government's chief evidence pertaining to counts 7-9. At best, a judgment of acquittal would have resulted in an instruction to the jury to disregard the evidence pertaining to counts 7-9. This would have been superfluous in light of the district judge's instruction that "[e]ach charge and the evidence pertaining to it should be considered separately."
 
 
 5
 There was no reversible error in refusing to sever the sting and actual money laundering counts. Fed.R.Crim.P. 8 allows for joinder "if the offenses charged ... are of the same or similar character." The counts here were obviously of the same or similar character. In order to preserve an appeal from the denial of a severance motion under Fed.R.Crim.P. 14, defendant must renew the motion after the presentation of evidence. Manarite, 44 F.3d at 1419. Pararas-Carayannis failed to do that and thus waived the latter issue. See id.; United States v. Restrepo, 930 F.2d 705, 711 (9th Cir.1991).
 
 
 6
 The presence of prosecution witness James Foye in the courtroom during the testimony of other witnesses did not violate Fed.R.Evid. 615. Defense counsel conceded that Foye was unexcludable because his presence was necessary to the prosecution's presentation of evidence. We reject defendant's argument that he did not know at the time that Foye was going to be a witness. Foye gave his business card to defense counsel and his name was on the government's witness list.
 
 
 7
 The district court did not abuse its discretion in denying Pararas-Carayannis' motion for a mistrial or to strike the videotapes entered into evidence. The defendant presented no evidence that the government had tampered with the tapes. See United States v. Christophe, 833 F.2d 1296, 1301 (9th Cir.1987) (defendant has the burden of proving that prosecutorial misconduct occurred and that it prejudiced him).
 
 
 8
 Nor did the district court abuse its discretion by refusing to let defendant present evidence concerning the removal of the videotapes. Because there was no evidence of tampering, the evidence defendant sought to bring before the jury was irrelevant.
 
 
 9
 The government properly authenticated the tapes. It is not necessary for the government to establish a chain of custody where a witness present at the time of the recording identifies the tape and testifies that it is accurate. See United States v. Nace, 561 F.2d 763, 771 (9th Cir.1977). Here, officer Kresich identified each videotape as a recording of a meeting between herself and the defendant and testified that each tape was accurate.
 
 
 10
 The district court properly allowed the testimony concerning the nature of escort services. The defendant fails to cite any testimony by officer Christensen on the subject. The statements made by Piro, Shaw and officer Kresich all had proper foundations: Piro and Shaw were explaining their employer's policy; Kresich based her statement on her experience as a police officer. See Fed.R.Evid. 701. Nor did the unfair prejudice flowing from this evidence substantially outweigh any probative value. See Fed.R.Evid. 403. The statements by Piro and Shaw were relevant as background information to explain why an escort service would need the help of someone to process credit card charges for it. The statement by Kresich was made in response to defense counsel's cross-examination and was necessary to clarify her answer. The unfair prejudice, if any, was negligible; none of the witnesses testified that defendant knew or believed that all escort agencies were fronts for prostitution services.
 
 
 11
 The questioning concerning Pararas-Carayannis' association with Robin Johnson did not prejudice defendant. When the subject first came up, the district court sustained defendant's objection and instructed the jury to disregard the questioning. The second exchange about "R. Johnson" was exceedingly brief. Even if error, it was harmless in light of the strong evidence of defendant's guilt.
 
 
 12
 The district court did not abuse its discretion in failing to strike the testimony of customers who testified that they paid for sex through an escort agency owned by defendant's associate, Takeoka. This testimony was relevant as it proved an element of the crimes charged in counts 7-9 and its relevance clearly outweighed any undue prejudice. Cf. United States v. Breitkreutz, 8 F.3d 688, 690-92 (9th Cir.1993) (Fed.R.Evid. 403 does not require prosecutor to accept defendant's offer to stipulate to existence of element of crime).
 
 
 13
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3