**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50527 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-00113-GW-1 |
| v. | |
| MARIA SANCHEZ, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Argued and Submitted February 15, 2012
Pasadena, California

Before:     FARRIS and W. FLETCHER, Circuit Judges, and KORMAN,
Senior District Judge.**

Maria Sanchez was convicted of fourteen counts of an indictment of which two

counts, charging her with aggravated identity theft, provide the primary basis of this

appeal.    Briefly, the evidence at trial established that, between 2003 and 2007,

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

**        The Honorable Edward R. Korman, Senior United States District
Judge for the Eastern District of New York, sitting by designation.

Sanchez participated in a scheme to defraud four mortgage lenders. During the course of the scheme, Sanchez, in her capacity as a mortgage loan officer, prepared and submitted false loan applications on behalf of her sister and her sister-in-law. As part of this scheme, Sanchez prepared and submitted false loan applications to WMC Mortgage Corporation for first and second mortgages on behalf of her sister. On those applications, Sanchez misrepresented material facts.

Sanchez knew that the mortgage applications stood a better chance of success if her name did not appear as her sister's interviewer. Consequently, without authorization, she forged the signature of a mortgage broker at her firm. A year later, Sanchez prepared and submitted other, comparably false loan applications to refinance the property. This time, she forged the signature of another person as the interviewer. The two counts charging Sanchez with aggravated identity theft under 18 U.S.C. § 1028A are based on the initial applications for a first and second mortgage loan (Count 13) and the applications that Sanchez prepared a year later (Count 14). They carried a mandatory minimum sentence of two years, which the judge imposed to run concurrently with each other and consecutively with the one-day sentence he imposed on each of the remaining counts.

Sanchez argues, for the first time on appeal, that the conduct in which she engaged did not satisfy the elements of aggravated identity theft. While we agree that

this claim may be raised for the first time on appeal, *see United States v. Durcan*, 539 F.2d 29, 31 (9th Cir. 1976), we conclude that it is without merit. Specifically, Counts 13 and 14, which largely track the language of 18 U.S.C. § 1028A, allege that Sanchez knowingly used "a means of identification of another person, that is, the signature and name of individual[s] [specified], during and in relation to wire fraud, a felony violation of Title 18, United States Code, Section 1343." Sanchez concedes that the signatures that are the subject of these two counts "were used in relation to the wire fraud charged in the indictment."

In *United States v. Blixt*, 548 F.3d 882, 887-88 (9th Cir. 2008), we rejected the argument that a signature does not constitute a "means of identification of another person." In *Blixt*, as here, the individual whose name was forged was not the victim of the underlying fraudulent scheme. More recently, in *United States v. Maciel-Alcala*, 612 F.3d 1092, 1101-02 (9th Cir. 2010), we held that Section 1028A was violated where the defendant used the name of a dead person to obtain a U.S. passport and then claim citizenship.

More troubling is Sanchez's argument that the district judge failed to make the necessary findings to support the $172,529.16 in restitution he ordered. Sanchez objected to any imposition of restitution because she claimed that the victim suffered a loss in that amount only because "the government placed a lien on this property

3

related to a drug case involving [Sanchez's] brother." When the lien was placed, she argues, the property had a positive equity of $125,000. This argument was supported by the Addendum to the Presentence Report, which focused on the loss to the victim for the purpose of calculating the base offense level prescribed by the Sentencing Guidelines. The Addendum concluded there was no loss to the victim. Sanchez's argument also finds support in *United States v. Tyler*, 767 F.2d 1350, 1351-52 (9th Cir. 1985), which held that loss resulting from conduct of the government after the seizure of property may not be used in determining restitution. The U.S. Attorney does not address this case in his brief, even though Sanchez relies upon it in hers.

Our reading of the minutes of the sentencing proceeding indicates that the trial judge failed to specifically address Sanchez's argument. Because we are unable to discern from the record the reason for the rejection of Sanchez's argument, we vacate that part of the judgment imposing restitution and remand for resentencing. We ask the able district judge to make specific findings as to the loss resulting from the commission of the crimes of conviction.

**AFFIRMED in part, VACATED in part and REMANDED.**