**UNITED STATES of America,**
**Plaintiff–Appellant,**

**v.**

**Jose Luis DOMINGUEZ–VILLA, Cesar Madrigal–Zamora, Arturo Virgen–Primero, Ascencion Gamboa–Quinones, Francisco Moreno–Quijada, Luis Carlos Yocupicio–Felix, and Carlos Corella Sihas, Defendants–Appellees.**

**No. 91–10516.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 12, 1991.

Decided Jan. 21, 1992.

Janet K. Martin, Asst. U.S. Atty., Tucson, Ariz., Patty Merkamp Stemler, U.S. Dept. of Justice, Washington D.C., for plaintiff-appellant U.S.

Jacqueline Marshall, Ralls & Bruner, Tucson, Ariz., for defendant-appellee Virgen–Primero.

Thomas Hippert, Dardis & Hippert, Tucson, Ariz., for defendant-appellee Gamboa–Quinones.

Walter B. Nash III, Nash & Jones, Tucson, Ariz., for defendant-appellee Madrigal–Zamora.

Steven P. Sherick and Brian I. Rademacher, Sherick Law Office, Tucson, Ariz., for defendant-appellee Dominguez–Villa.

Hector M. Figueroa, Tucson, Ariz., for defendant-appellee Moreno–Quijada.

William Redondo, Tucson, Ariz., for defendant-appellee Yocupicio–Felix.

Leon Thikoll, Tucson, Ariz., for defendant-appellee Sihas.

564

Before GOODWIN, SKOPIL and NOONAN, Circuit Judges.

SKOPIL, Circuit Judge:

This is an appeal by the government from the district court's conditional order excluding the testimony of government witnesses in a criminal prosecution. The district court ruled that the testimony would be excluded unless (1) the government reviewed the personnel files of federal and state law enforcement witnesses for potential impeachment material; and (2) agency counsel and department heads participated in the review process. We conclude that the district court lacks the authority to order the government to review non-federal personnel files and to require the involvement of agency counsel and department heads in the review process. We reverse and remand for further proceedings.

## FACTS AND PRIOR PROCEEDINGS

The seven defendants in this case were indicted for conspiracy to possess and possession of marijuana with intent to distribute, and for the use of firearms in relation to drug trafficking. Prior to trial, defendants sought an order requiring "the government to produce the personnel files of all law enforcement witnesses whom it intends to call at trial." On July 25, 1991, the district court ruled orally that the government must review the personnel file of each law enforcement witness and supply defendants with information relating to perjurious or dishonest conduct by those witnesses. The court also required that agency counsel review the files and "that there be a sign-off by the agency head saying that he or she agrees with that disclosure." The court explained this request by stating that it "just want[s] [the agency heads] to say that they have reviewed with [agency] counsel the files and the disclosure, and that they concur in the judgment of counsel as to what is discloseable." The court also ordered that if the agency heads did not "sign-off" as de-scribed above, the court would "order the files produced here."

At a hearing on September 20, 1991, the court expanded the July 25 order to include state officers, chain-of-custody witnesses, and a Drug Enforcement Agency chemist that the government intended to call at trial. The court thereafter entered a minute order stating that the personnel files of all federal and state law enforcement witnesses "are to be reviewed pursuant to the court's previous order." The court also ordered that "[t]he records shall be reviewed by agency counsel and department heads and produced or the witnesses will not be allowed to testify. The department head shall sign off on the record."

The government thereafter notified the district court that it would not comply with the September 20 order. The government requested that the court issue an order suppressing the testimony of the witnesses at issue to allow the government to take an expedited appeal. The court refused to issue such an order, but noted that the government could appeal pursuant to 18 U.S.C. § 3731 (1988). The government filed its notice of appeal, and we stayed the trial pending our review of the district court's order.

## DISCUSSION

### A. Appellate Jurisdiction

This is an interlocutory appeal by the government pursuant to 18 U.S.C. § 3731, which permits an appeal from a decision or order of a district court suppressing or excluding evidence in a criminal case. Alternatively, the government seeks a writ of mandamus pursuant to the All Writs Act, 28 U.S.C. § 1651 (1988). We conclude that section 3731 provides jurisdiction in this case, and therefore we reject the alternative ground asserted for jurisdiction. *See United States v. Edmonson*, 792 F.2d 1492, 1496 (9th Cir.1986) (mandamus is not available when section 3731 provides for review), *cert. denied*, 479 U.S. 1037, 107 S.Ct. 892, 93 L.Ed.2d 844 (1987).

The district court here did not file an order expressly suppressing or excluding

evidence. The court's minute order of September 20 provided, however, that unless the government complied with the court's directive, "the witnesses will not be allowed to testify." No further court action was required to create an appealable order. *See United States v. Presser*, 844 F.2d 1275, 1279–80 (6th Cir.1988).

 Defendants do not dispute that section 3731 provides a basis for appellate jurisdiction, but they nevertheless contend that the government should have appealed from the district court's original order of July 25, 1991. Thus, defendants contend that the government's notice of appeal was not timely. We disagree. Only the September 20 order provided for suppression of the witnesses' testimony if the government failed to comply with the court's order. Moreover, even assuming that the first order was appealable, we have held that when a district court issues a second order clarifying or expanding a previous discovery order, the government may appeal from the second order. *See United States v. Humphries*, 636 F.2d 1172, 1175–77 (9th Cir.1980), *cert. denied*, 451 U.S. 988, 101 S.Ct. 2324, 68 L.Ed.2d 846 (1981). Accordingly, we conclude that we have jurisdiction to reach the merits of this appeal.

B. *Merits*

 The government first argues that the district court should not have required it to examine the personnel files of all law enforcement witnesses that it intended to call at trial. It contends that the burden of searching every file outweighs the speculative prospect that something useful to the defense will be found. The government asserts that the contents of the files will make a difference only if the witness' credibility is crucial to the case and thus the government ought to have discretion to determine which files need to be searched. The government would place on defendants the duty to demonstrate a substantial basis for the assertion that the file contains material evidence.

Those concerns have been addressed and rejected by our recent decision in *United States v. Henthorn*, 931 F.2d 29 (9th Cir.

1991), *application for cert. pending*, No. 91–6160. There, the district court refused to order the government to produce for in camera review the personnel files of all prosecution law enforcement witnesses. We reversed on appeal, rejecting the government's argument that the defendant should be required to make an initial showing of materiality. We concluded that "the government has a duty to examine personnel files upon a defendant's request for their production." *Id.*

 The government next contends that the district court exceeded its authority by requiring agency counsel to review the personnel files and by requiring agency heads to "sign-off" on counsel's determination whether a particular file contains impeachment material. We agree. A district court does not have general supervisory powers over the co-equal executive branch of government. *United States v. Gatto*, 763 F.2d 1040, 1046 (9th Cir.1985). In *Gatto*, the district court excluded evidence because it determined that the government had not timely notified the defendant of evidence the government intended to introduce. We reversed, rejecting the notion that a court has supervisory powers to "preserve the integrity of the judicial system, governed solely by notions of fair play." *Id.* at 1043. We stated that "the separation-of-powers principle imposes significant limits" on a district court's supervisory power. *Id.* at 1046. "A federal court that imposes sanctions on executive conduct that is other-wise permitted by the Constitution, a federal statute or a rule will most likely be invading the executive sphere...." *Id.*

Here, there is no authority to cause us to conclude that the government's refusal to involve non-prosecution lawyers and agency department heads in the review of personnel files heads violates the Constitution, a statute, or a rule. Accordingly, the district court lacked the power to conditionally exclude the witnesses' testimony on that ground.

 Finally, the government argues that the district court exceeded its authority by

requiring review of personnel files of state law enforcement witnesses. We agree. "The prosecution is under no obligation to turn over materials not under its control." *United States v. Aichele,* 941 F.2d 761, 764 (9th Cir.1991). In *Aichele,* the prosecution refused to produce a California Department of Corrections file of a prosecution witness. *Id.* We reasoned that because the document was under the control of state officials, the federal prosecutor was not obligated to produce it. *Id.* Similarly, we have held that a discovery request under Federal Rule of Criminal Procedure 16(a)(1)(C) "triggers the government's disclosure obligation only with respect to documents within the federal government's actual possession, custody, or control." *Gatto,* 763 F.2d at 1048; *see also United States v. Chavez–Vernaza,* 844 F.2d 1368, 1375 (9th Cir.1987) ("the federal government had no duty to obtain from state officials documents of which it was aware but over which it had no actual control").

## CONCLUSION

The government is obligated to examine the personnel files of federal law enforcement witnesses. It is not obligated to review state law enforcement files not within its possession or control. The district court lacked the authority to require agency counsel and department heads to participate in the review of the files. We reverse and remand for further proceedings.

REVERSED and REMANDED.