56 F.3d 75
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Johnny Lynn OLD CHIEF, Defendant-Appellant.
 No. 94-30277.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 14, 1995.
Decided May 31, 1995.
 
 Before WRIGHT, POOLE and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Johnny Lynn Old Chief ("Old Chief") appeals his criminal convictions rendered by jury verdict in the federal district of Montana. Old Chief was convicted of being a felon in possession of a firearm, using or carrying a firearm during the commission of a violent crime, and assault with a dangerous weapon. The offenses charged took place on an Indian reservation, thus violating 18 U.S.C. Sec. 1153.
 
 
 3
 Old Chief appeals on five grounds: (1) that the district court erred by allowing the prosecution to introduce extrinsic evidence of his prior felony conviction despite his offer to stipulate to his felon status; (2) that the district court erred by not ordering the prosecution to conduct fingerprint comparisons of all witnesses and individuals present at the scene of the offenses; (3) that his convictions on the assault charge and use enhancement were not supported by substantial evidence; (4) that the district court erred by not conducting a post-verdict evidentiary hearing regarding jury misconduct; and (5) that the district court improperly imposed a 57-month upward departure on his unlawful possession sentence in violation of the federal sentencing guidelines. For the reasons set forth below, we affirm Old Chief's convictions; however, we reverse his sentence and remand for resentencing.
 
 
 4
 I. INTRODUCTION OF OLD CHIEF'S PRIOR FELONY CONVICTION.
 
 
 5
 We review the district court's decision to admit or exclude evidence for an abuse of discretion. United States v. Mullins, 992 F.2d 1472, 1476 (9th Cir. 1993). Prior to trial, Old Chief made an offer to stipulate to his status as a convicted felon. He argued that introduction of his prior felony assault conviction to prove the element of the unlawful possession charge would be unduly prejudicial. The prosecution refused to stipulate, and the district court denied Old Chief's motion.
 
 
 6
 Regardless of the defendant's offer to stipulate, the government is entitled to prove a prior felony offense through introduction of probative evidence. See United States v. Breitkreutz, 8 F.3d 688, 690 (9th Cir. 1993) (citing United States v. Gilman, 684 F.2d 616, 622 (9th Cir. 1982)). Under Ninth Circuit law, a stipulation is not proof, and, thus, it has no place in the FRE 403 balancing process. Breitkreutz, 8 F.3d at 691-92.
 
 
 7
 Old Chief argues that our decision here is controlled by that in United States v. Hernandez, 27 F.3d 1403 (9th Cir. 1994), cert. denied, 115 S.Ct. 1147 (1995). But Hernandez stands for the proposition that a defendant's stipulation to a prior felony is sufficient evidence to fulfill the requisite element of Sec. 922(g)(1). It cannot be read for the quite different proposition that a defendant's stipulation to a prior felony must always be accepted to prove the requisite element of Sec. 922(g)(1).
 
 
 8
 Thus, we hold that the district court did not abuse its discretion by allowing the prosecution to introduce evidence of Old Chief's prior conviction to prove that element of the unlawful possession charge.
 
 
 9
 II. REFUSAL TO COMPEL THE PROSECUTION TO CONDUCT FINGERPRINT COMPARISONS.
 
 
 10
 A district court's decision as to alleged Brady violations is reviewed de novo. United States v. Woodley, 9 F.3d 774, 777 (9th Cir. 1993). The law of the Ninth Circuit is unequivocal on this point: "[t]he prosecution is under no obligation to turn over materials not under its control." See United States v. Dominguez-Villa, 954 F.2d 562, 566 (9th Cir. 1992) (quoting United States v. Aichele, 941 F.2d 761, 764 (9th Cir. 1991)).
 
 
 11
 Here, the one latent fingerprint "of value" was recovered from the bullet clip of the weapon used in the assault. Old Chief argues that, once it was determined that the latent fingerprint on the bullet clip did not match his known prints, the district court should have compelled the prosecution to conduct fingerprint comparisons of all the witnesses at the scenes of the offenses. Specifically, he contends that if the comparison resulted in a match between the latent print and the prosecution's key witness, that witness's crucial testimony would have been substantially impeached. Old Chief, however, did have access to the results of the fingerprint analysis that was conducted by the prosecution.
 
 
 12
 Consistent with its Brady obligations, the prosecutor turned over the potentially exculpatory results of the fingerprint analysis conducted for Old Chief and his two defense witnesses that claimed to have had contact with the gun on the day of the assault. Old Chief argued this lack of fingerprint evidence in his defense.
 
 
 13
 What Old Chief argues now, in sum, is that the prosecution's failure to obtain its own witness's fingerprints for comparison precluded and impaired his ability to present his defense. Old Chief's request, however, was tantamount to forcing the prosecution to secure evidence, not already in its possession, for use in the impeachment of its own witness. This is not required under Brady or Dominguez-Villa.
 
 
 14
 III. SUFFICIENCY OF EVIDENCE ON THE ASSAULT CHARGE AND USE ENHANCEMENT.
 
 
 15
 In determining whether the evidence was sufficient to support a conviction, we must determine whether, viewing all the evidence in the light most favorable to the government, a reasonable jury could find the defendant guilty beyond a reasonable doubt of each essential element of the crimes charged. Jackson v. Virginia, 443 U.S. 307, 320 (1979); United States v. Lennick, 18 F.3d 814, 819 (9th Cir. 1994).
 
 
 16
 Old Chief argues that there was insufficient evidence to convict him on the assault charge and, therefore, the use enhancement. Specifically, he argues that, assuming he did fire the shot at the victim, Anthony Calf Looking, there was no evidence that he acted with specific intent to do bodily harm, nor that the gunshot caused Calf Looking to fear immediate bodily harm.
 
 
 17
 The only uncontroverted occurrence regarding the assault is that the victim, Calf Looking, provoked the fight with Old Chief. Only one witness testified at trial that she actually saw Old Chief point the gun directly at Calf Looking and fire in his direction.
 
 
 18
 Once on the stand, Calf Looking apparently began to retreat from his earlier statements to the police. However, the prosecution witness's version of the events was corroborated by the investigating officer's testimony regarding his interview with Calf Looking the morning after the incident. Thus, despite the fact that the investigating officer's testimony impeaching Calf Looking may not be substantive evidence, it tends to bolster the direct testimony of the prosecution's key witness. Moreover, Calf Looking testified that he heard the shot, and that he ran because he "must have been scared" of Old Chief.
 
 
 19
 In addition, a rational fact finder could conclude that the testimony offered by Old Chief's two defense witnesses was not credible. Given the inconsistencies between the witnesses' accounts of the day's events, a rational fact finder could reasonably disregard both their testimony in favor of that of the prosecution witness. Thus, considering the prosecution witness's testimony, and Calf Looking's statements regarding his fear of Old Chief, a rational trier of fact could find sufficient evidence to convict Old Chief on the assault charge.
 
 
 20
 IV. REFUSAL TO CONDUCT A POST-VERDICT EVIDENTIARY HEARING.
 
 
 21
 A district court's denial of a motion for a post-verdict evidentiary hearing is reviewed for an abuse of discretion. United States v. Langford, 802 F.2d 1176, 1180 (9th Cir. 1986), cert. denied 483 U.S. 1008 (1987). Old Chief argues that the district court should have conducted such a hearing to determine whether one juror's question to the judge and a second juror's whispers during the jury poll improperly influenced the jury's deliberations.
 
 
 22
 Despite Old Chief's attempt to characterize the whispers of one juror to another during the jury poll as an "outside influence," he made no showing of improper external influence sufficient to warrant a post-verdict evidentiary hearing. See Tanner v. United States, 483 U.S. 107, 127 (1987) (holding that district court did not err in deciding that a post-verdict hearing was unnecessary, despite juror's allegations of excessive alcohol consumption and illegal drug use during deliberations).
 
 
 23
 This Court has held that "where a trial court learns of a possible incident of jury misconduct, it is preferable to hold an evidentiary hearing 'to determine the precise nature of the extraneous information,' [internal citations omitted] [however,] not every allegation that extraneous information has reached the jury requires a full-dress hearing." United States v. Langford, 802 F.2d 1176, 1180 (9th Cir. 1986) (emphasis added). Under Tanner and Langford, the jury's exposure or access to improper external influence guides the decision whether a court should conduct a post-verdict evidentiary hearing.
 
 
 24
 Here, the juror's rather innocuous question to the court during the poll-- and the other juror's "urging," if any, -- did not imply any improper external influence on the jury's deliberations. Thus, the district court acted within its discretion in declining to contact the juror in order to hold a post-verdict evidentiary hearing.
 
 
 25
 V. IMPOSITION OF A 57-MONTH UPWARD DEPARTURE TO A TOTAL SENTENCE OF 120 MONTHS ON THE UNLAWFUL POSSESSION CHARGE.
 
 
 26
 Finally, Old Chief argues that the district court made an unreasonable upward departure in his sentence on the unlawful possession charge, thus, violating the Sentencing Reform Act of 1984 and the Sentencing Guidelines. Old Chief's arguments on this issue have merit.
 
 
 27
 Because this was his third felony assault conviction in federal court, Old Chief was designated a "career offender." Given this designation and the levels of his current offenses, the maximum sentence Old Chief could have received under the Guidelines was 51-63 months. The district court, however, departed upward to a sentence of 120 months, imposing an additional 57-month sentence on the unlawful possession count. The term of 60 months on the assault charge, was to be served concurrently. Thus, in effect, what should have been a five-year sentence, became a ten-year sentence. Moreover, the Guidelines impose a mandatory five-year enhancement on the "use" conviction, which the judge ordered to be served consecutively.
 
 
 28
 This Court established a three-step process for the review of an upward departure from the Sentencing Guidelines in United States v. Lira-Barraza, 941 F.2d 745 (9th Cir. 1991) (en banc). First, the reviewing court must determine if the district court had legal authority to depart. Id. at 746. Second, any factual findings supporting the existence of an aggravating circumstance used to support an upward departure must be reviewed for clear error. Id. Third, the extent of the upward departure must be reasonable in light of the structure, standards and policies of the Guidelines. Id. at 751.
 
 
 29
 Apparently, the district court based its upward departure on the reports of the Probation Officer and U.S. Attorney that Old Chief's serious record as a juvenile offender was not reflected in his current offender designation. An upward departure is warranted when "reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct." See United States v. Streit, 962 F.2d 894, 903 (9th Cir. 1992). However, the district court "must specify the events in the defendant's criminal history that it believes are inadequately represented in the guidelines criminal history calculation." Id. (citing United States v. Hoyungowa, 930 F.2d 744, 747 (9th Cir. 1991)). The current record is, unfortunately, silent in this regard.[1]
 
 
 30
 The district court's only statement regarding Old Chief's prior history was that "Mr. Old Chief and I have got [sic] to be friends over the years." Although we might assume that this statement was meant to be an adoption of the specific factual findings contained in Old Chief's presentence report, see Streit, 962 F.2d at 903, the district court's statements in the current record are too ambiguous to explain the extent of its upward departure. See United States v. Quintero, 21 F.3d 885, 894-95 (9th Cir. 1994).
 
 
 31
 "In order to facilitate appellate review, the district court must explain in detail the reasons behind the imposition of a particular sentence, analogizing to other Guidelines provisions." Id. at 894 (quoting United States v. Hicks, 997 F.2d 594, 599 (9th Cir. 1993)). Here, the court simply stated "...here again we find that [Old Chief] had just been released from custody very shortly before this occurred. There is the loaded gun. And he is a danger to the community, and a serious danger. I think there's no question about that." Even if we accept these statements as an indication of aggravating factors in support of an upward departure, the district court failed to articulate the specific reasons for the extent of its departure--nearly double the maximum sentence--by analogy to other Guidelines provisions. See Hicks, 997 F.2d at 599.
 
 
 32
 "If the district court fails to articulate reasons for the extent of departure or if the analogy is not reasonable, [the panel on appellate review] must vacate and remand." Id. (emphasis in original) (quoting Streit, 962 F.2d at 903). Here, because the district court neither articulated the reasons for such an extreme departure, nor analogized the reasons to particular provisions of the Guidelines, we are unable to evaluate the reasonableness of the sentence imposed as required under Lira-Barraza. Thus, we vacate Old Chief's sentence and remand the case for resentencing consistent with the guidelines set forth above.
 
 VI. CONCLUSION
 
 33
 The district court did not abuse its discretion by allowing the prosecution to introduce extrinsic evidence of Old Chief's prior conviction, despite his offer to stipulate. Further, the district court did not err by refusing to order the prosecution to compare the latent fingerprint found on the weapon clip to the other witnesses at the scene of the offenses. The prosecution satisfied its Brady obligation by providing Old Chief with the potentially exculpatory evidence that the latent print did not match his known prints.
 
 
 34
 The evidence was sufficient to support Old Chief's conviction on the assault charge; and, the district court did not abuse its discretion when it refused to conduct a post-verdict evidentiary hearing regarding alleged jury misconduct. As such, Old Chief's convictions are AFFIRMED.
 
 
 35
 However, because the district court failed to articulate specific reasons for its extreme upward departure by analogy to the federal sentencing guidelines, we vacate Old Chief's sentence and REMAND FOR RESENTENCING.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 We commend Assistant United States Attorney Carl Rostad for candidly acknowledging his responsibility as a prosecutor to suggest additional findings to the district court that might assist the court of appeals, especially in sentencing matters