131 F.3d 148
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Wally Nuno ALARCON, Defendant-Appellant.
 No. 95-50524.
 United States Court of Appeals, Ninth Circuit.
 Dec. 3, 1997.
 
 1
 Appeal from the United States District Court for the Central District of California Linda H. McLaughlin, District Judge, Presiding
 
 
 2
 Before: CANBY and THOMPSON, Circuit Judges, and MOLLOY,** District Judge.
 
 
 3
 MEMORANDUM*
 
 
 4
 Wally Nuno Alarcon appeals from the district court's denial of his motion to suppress, motion for disclosure of police files, and motion for a new trial. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 5
 Alarcon was convicted of being a felon in possession of a firearm. He made a statement to Santa Ana Police Officer Fajardo admitting that he had purchased a gun and planned to sell it in order to buy heroin. Alarcon alleges, however, that his statement was not voluntary because he was suffering from several illnesses and experiencing pain in his groin at the time he was arrested, and that he confessed in order to receive medical care.
 
 
 6
 Alarcon also contends the district court erred in denying him access to police personnel records and in quashing a subpoena served on the Santa Ana Police Department, ("SAPD"). In addition, he contends the government committed argument error by improperly vouching for the credibility of the police officers and that the government engaged in an improper ex parte communication with the district court. Finally, Alarcon argues the district court erred in denying his motion for a new trial based upon ineffective assistance of counsel.
 
 A. Motion to Suppress
 
 7
 Alarcon argues that his waiver of his Miranda rights and his confession were not voluntary because he was coerced. He contends he was suffering from acute pain and that Officer Fajardo obtained his confession by refusing medical treatment until Alarcon made a statement.
 
 1. Police Conduct
 
 8
 The district court's finding that the facts surrounding the arrest and interrogation were as Officer Fajardo testified was not clearly erroneous. See United States v. Huynh, 60 F.3d 1386, 1387 n. 1 (9th Cir.1995) (holding that the district court's finding that the officer's testimony was credible while the defendant's statements had no merit was not clearly erroneous).
 
 
 9
 In addition, the district court credited Paramedic Sever's testimony that Alarcon's condition was "mild, stable, and undistressed." Sever concluded that Alarcon was suffering from a chronic illness. Alarcon was conscious, alert, and able to carry on a continuous conversation. The district court did not err in giving greater weight to the testimony of Paramedic Sever than Alarcon's own self-serving testimony.
 
 
 10
 The government has met its burden of demonstrating that Officer Fajardo did not engage in coercive conduct. Even if Fajardo was aware that Alarcon was ill and in pain, there is no credible evidence that Fajardo used this circumstance to force Alarcon to make a statement.
 
 2. Alarcon's Confession
 
 11
 Although Alarcon may have been in pain and feeling ill during the interview with Fajardo, his physical condition did not render his confession involuntary. The interrogation lasted approximately ten minutes. Alarcon was alert and coherent. He provided a lucid narrative of the events that had taken place prior to his arrest. There is no evidence that Alarcon requested medical assistance during the questioning, nor that he asked Fajardo to end the questioning.
 
 
 12
 The district court did not err in finding that Alarcon was thinking clearly when he waived his Miranda rights and his pain did not overcome his ability to think rationally.
 
 B. Police Personnel Files
 
 13
 Alarcon filed two motions requesting the disclosure of the SAPD's personnel files for Officers Ibarra and Fajardo. In addition, Alarcon served a trial subpoena on the SAPD seeking production of the personnel records.
 
 1. Disclosure
 
 14
 The prosecution has an obligation to disclose materials within the federal government's actual possession, custody, or control. United States v. Dominguez-Villa, 954 F.2d 562 (9th Cir.1992); see also United States v. Old Chief, 121 F.3d 448, 450 (9th Cir.1997). However, "[t]he law of the Ninth Circuit is unequivocal [that]: '[t]he prosecution is under no obligation to turn over materials not under its control.' "
 
 
 15
 Alarcon makes several arguments why the policy set out in Dominguez-Villa should be abandoned, however, he does not argue that the district court erred in applying it to his request. The district court cited to Dominguez-Villa in ruling on the motion and held that the SAPD personnel files were not within the government's possession or control. The district court did not abuse its discretion in denying Alarcon's motions to have the government turn over SAPD personnel records.
 
 2. Quashing the Subpoena
 
 16
 We need not decide whether the district court erred in granting the motion to quash the subpoena served on the Santa Ana Police Department. The issue is rendered moot because the district court conducted an in camera review of the personnel files at the time Alarcon moved for a new trial. In that review, the court found that the files did not contain any evidence material to the credibility of the officers or material to any other issue in the case.
 
 C. Argument Error
 
 17
 Alarcon argues that during the government's rebuttal argument, the prosecutor committed argument error. The specific statement identified by Alarcon is: "I suggest to you that the police officers--there has been nothing in the record to indicate to you that these officers had a motive, any motive to single out this man." The record reflects that Alarcon did not object to this alleged argument error; therefore, our review is for plain error. United States v. Amlani, 111 F.3d 705, 714 (9th Cir.1997).
 
 
 18
 Although Alarcon argues the prosecution cannot comment on the absence of a defendant's testimony in a criminal case, Alarcon testified at trial and the prosecution did not make any statements during closing argument about the absence of his testimony.
 
 
 19
 Alarcon also argues the government improperly vouched for the credibility of the two police officers. The prosecutor's statement during closing argument did not constitute vouching. Moreover, the statement was invited by defense counsel's statements that the officers had a motive to lie. See United States v. Jackson, 84 F.3d 1154, 1158 (9th Cir), cert. denied, 117 S.Ct. 445 (1996) (holding that a prosecutor's statements were reasonable inferences from the evidence and an invited response to the defense argument and did not constitute vouching).
 
 D. Ex Parte Communication
 
 20
 Alarcon argues that the government engaged in an improper ex parte communication with the district court by requesting a Henthorn review of the SAPD personnel files. We disagree.
 
 
 21
 The review of the personnel files was conducted in camera at the government's request and pursuant to orders filed. under seal to protect the privacy and confidentiality rights of the police officers. The district court reviewed the files to ensure that Alarcon was not improperly denied any Brady material. There was no improper ex parte communication with the court.
 
 E. Assistance of Counsel
 
 22
 "The customary procedure for challenging the effectiveness of defense counsel in a federal criminal trial is by collateral attack on the conviction under 28 U.S.C. § 2255." United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (quoting United States v. Birges, 723 F.2d 666, 670 (9th Cir.1984)). Ineffective assistance claims are ordinarily reviewed in collateral proceedings because the claims cannot usually be resolved without development of facts outside the record. United States v. Sitton, 968 F.2d 947, 960 (9th Cir.1992); see also United States v. Henson, 123 F.3d 1226 (9th Cir.1997). Such is the present case.
 
 
 23
 The district court did not abuse its discretion by denying Alarcon's motion for a new trial. The court properly concluded that additional facts must be developed and Alarcon's claim of ineffective assistance of counsel should be raised by collateral attack.
 
 
 24
 AFFIRMED.
 
 
 
 **
 Hon. Donald W. Molloy, United States District Judge for the District of Montana, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3