United States Court of Appeals,

Eleventh Circuit.

No. 94-4585.

UNITED STATES of America, Plaintiff-Appellee,

v.

Rafael Macario FONSECA-MACHADO, a/k/a Elvis Rafael Fonseca-Machado, Defendant-Appellant.

June 7, 1995.

Appeal from the United States District Court for the Southern District of Florida. (No. 93-335-CR-EBD), Edward B. Davis, Judge.

Before COX, Circuit Judge, HILL and GARZA[*], Senior Circuit Judges.

PER CURIAM:

Appellant Rafael Macario Fonseca-Machado appeals the district court's refusal to dismiss his one-count indictment, returned July 13, 1993, for knowingly and willfully committing aircraft piracy by use of force, violence, threats, and other forms of intimidation on or about August 14, 1980, in violation of 49 U.S.C. § 1472(i) and 18 U.S.C. § 2, on the ground that it was barred by the statute of limitations, 18 U.S.C. § 3282.[1]  The Government contends that the statute was tolled, pursuant to 18 U.S.C. § 3290, because Fonseca-Machado was a fugitive from justice during the thirteen year

---

[*]Honorable Reynaldo G. Garza, Senior U.S. Circuit Judge for the Fifth Circuit, sitting by designation.

[1]18 U.S.C. § 3282 provides:

> Except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed.

period.[2]  We agree.

## I.

Fonseca-Machado arrived involuntarily in the United States from Cuba in 1980 as part of the Mariel boat lift.  After one month in Miami, he learned his mother was ill.  In order to return to Cuba, he and a companion, using gasoline and cigarette lighters, hijacked a National Airlines DC-10 flight bound for San Juan, Puerto Rico from Miami and ordered the crew to fly the aircraft to Cuba.[3]  Upon arrival in Havana, Fonseca-Machado was arrested by Cuban authorities and spent the next five years in prison.  After his release from prison in 1985, Fonseca-Machado lived openly in Cuba under his own name.

In June 1993, nearly thirteen years after the hijacking, Fonseca-Machado and two companions undertook to travel from Cuba to the United States by raft.  They were rescued by a United States Coast Guard cutter off Key West, Florida, and taken to the nearby base.  A records check revealed an outstanding FBI arrest warrant for the 1980 hijacking offense.  Fonseca-Machado was indicted within thirty days.

## II.

The district court's determination that Fonseca-Machado was a fugitive from justice tolling the statute of limitations is a question of fact.  *Donnell v. United States,* 229 F.2d 560, 562-65

---

[2]18 U.S.C. § 3290 states:

> No statute of limitations shall extend to any person fleeing from justice.

[3]The flight was carrying approximately 242 adults and children.

(5th Cir.1956). Mere absence from the jurisdiction in which a crime occurred does not render the suspect a fugitive from justice; he must be found to have absented himself from the jurisdiction with the intent to avoid prosecution. *Id.*

Fonseca-Machado claims that he was not a fugitive from justice because the Government cannot show that he intended at the time he departed the United States to avoid prosecution. The Government claims that a person who departs for a legitimate reason from the jurisdiction in which his crime was committed but who later remains outside that jurisdiction for the purpose of avoiding prosecution is a fugitive from justice.[4]

### III.

The Government urges us to extend the doctrine of constructive flight, for the purpose of tolling the statute of limitations under § 3290, to this circuit. We decline to do so as the facts in this case do not warrant such action. The record here does not depict a case of constructive flight. It depicts actual flight.

Once Fonseca-Machado, after committing the crime of air piracy, gave direction to the National Airlines pilot to fly, not to Puerto Rico or anywhere else within the United States' jurisdiction, but to Cuba, he became a fugitive from justice. We

---

[4]This theory, known as the doctrine of constructive flight, has been used in other circuits for the purpose of tolling the statute of limitations pursuant to § 3290. *See United States v. Catino,* 735 F.2d 718 (2d Cir.), *cert. denied,* 469 U.S. 855, 105 S.Ct. 180, 83 L.Ed.2d 114 (1984); *United States v. Gonsalves,* 675 F.2d 1050 (9th Cir.), *cert. denied,* 459 U.S. 837, 103 S.Ct. 83, 74 L.Ed.2d 78 (1982). This court has applied the doctrine in a non-§ 3290 context. *See Schuster v. United States,* 765 F.2d 1047, 1050 (11th Cir.1985).

hold that his travel, in continuing to perpetrate the crime of air piracy, constitutes, not constructive flight, but actual flight with intent to avoid prosecution, sufficient enough to toll the statute of limitations under § 3290.

IV.

For this reason, we affirm the district court's denial of Fonseca-Machado's motion to dismiss the indictment pursuant to the statute of limitations.

AFFIRMED.