United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 3, 2004**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT

No. 03-60041

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES CARLOS CLARK, also known as Morris Bailey,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Mississippi
(1:01-CR-72-P)

Before SMITH, BARKSDALE, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

The principal issue in this appeal concerns the sufficiency of the evidence on whether James Carlos Clark was a requisite "fugitive from justice" for federal firearms convictions, including 18 U.S.C. § 922(g)(2) (prohibiting firearm possession by fugitive from justice). Had Clark renewed his motion for judgment of acquittal at the close of all evidence, this issue would have presented a matter of first impression for our circuit: whether fugitive from justice status, as defined at 18 U.S.C. § 921(a)(15),

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

requires proving, on a subjective basis, intent to flee prosecution. Along this line, Clark contends: under any standard, the evidence was insufficient to prove such status; and, therefore, the district court erred in denying judgment of acquittal.

Under the very restricted manifest miscarriage of justice standard, made applicable by Clark's failure to renew his motion for judgment of acquittal at the close of all the evidence, his sufficiency challenge fails. In addition, there is no merit to his contesting his sentence-enhancement because of obliterated serial numbers on firearms. **AFFIRMED**.

## I.

Clark traveled frequently between the Starkville, Mississippi, area and Chicago, Illinois. In early 1999, after being arrested in Chicago for felony possession of a controlled substance, Clark falsely identified himself as Morris Bailey and provided a false address in Columbus, Mississippi.

Approximately three months later, Clark was arraigned in the Circuit Court of Cook County, Illinois. The case was continued, with Clark released on bond. In September 1999, Clark failed to appear in court. An arrest warrant was issued.

In late November 1999, Clark was back in custody in Illinois, having been arrested again. The next month, however, the bond was reinstated.

On 13 January 2000, Clark failed, once again, to appear in court; the Cook County court again issued an arrest warrant for Morris Bailey. Apparently, this warrant remains outstanding.

Clark traveled to Mississippi and recruited others to act for him between 11 July and 15 August 2000 as straw purchasers of firearms from federally-licensed firearms dealers, for resale in Chicago. In each instance, the purchaser answered question 9A of the federally-mandated ATF form as follows: he or she was the actual buyer (*i.e.*, not buying for another party) and was *not* a fugitive from justice. Later, many of those firearms purchased in Mississippi, including some with filed-down serial numbers, were recovered following sales in Chicago.

In June 2001, Clark was indicted in Mississippi on nine counts of federal firearms violations. At trial in September 2002, following the Government's case-in-chief, Clark moved for judgment of acquittal on all counts; the motion was granted for one count.

In denying such judgment concerning the fugitive from justice issue that is also raised here, the court engaged in a detailed and comprehensive analysis. It held the Government was only required to

> prove the following elements in order to demonstrate that Clark was a fugitive from justice and, thus, a person not legally entitled to purchase or possess firearms. Number one, Clark knew charges were pending against him; number two, Clark refused to answer those charges; and, three, Clark left the jurisdiction where charges were pending.

3

> It is not necessary that the government prove that Clark left [Illinois] with intent to avoid the charges pending against him. The Court therefore rejects [Clark's] argument that the government need prove that Clark knew his court date or that a warrant had issued.

Accordingly, the district court found "that a reasonable jury could conclude that Clark was a fugitive from justice". Clark then presented his case. At the conclusion of all the evidence, however, he failed to renew his motion for judgment of acquittal.

The jury was unable to return verdicts on four counts, which were later dismissed. It returned guilty verdicts on the remaining counts. Clark was sentenced, *inter alia*, to 57 months' imprisonment.

## II.

Clark appeals his conviction and sentence. For the former, he challenges the sufficiency of the evidence; for the latter, the obliterated-serial-numbers adjustment to his base offense level.

## A.

Clark was convicted of: one count for violation of 18 U.S.C. § 922(g)(2), which prohibits a *fugitive from justice* from transporting "or possess[ing] in or affecting commerce" any firearms; two counts for violation of 18 U.S.C. § 922(a)(6), which prohibits causing, aiding, abetting, and inducing a straw purchaser to make material false written statements in connection with the acquisition of firearms; and one count for violation of 18 U.S.C.

4

§ 371, conspiracy to make false statements in the acquisition of firearms from a federally licensed dealer.

The Government maintains that fugitive from justice status is not a prerequisite to convicting Clark for the counts under § 371 and § 922(a)(6), citing *United States v. Ortiz-Loya*, 777 F.2d 973 (5th Cir. 1985) (upholding convictions for aiding and abetting and conspiracy to make false statements by straw purchasers regarding identity of actual purchasers). Based on our very restricted standard of review for Clark's sufficiency of the evidence challenge, discussed *infra*, we need not reach this issue. Restated, for each of the four counts, we will assume (as held by the district court) that Clark's purchase would be illegal only if he is a fugitive from justice. Claiming insufficient evidence for such status, Clark maintains it requires proving, on a subjective basis, his intent to flee prosecution.

When a defendant properly moves for judgment of acquittal, a sufficiency challenge fails if, construing the evidence in the light most favorable to the verdict, "any rational trier of fact could have found that [it] established guilt beyond a reasonable doubt". *United States v. Shelton*, 325 F.3d 553, 557 (5th Cir. 2003) (citing *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979)). As discussed, although Clark moved for judgment of acquittal following the Government's case, he did not renew his motion at the close of all the evidence. Clark presented several witnesses in

5

his defense, and, after the close of the evidence, objected to the jury instructions on finding fugitive from justice status (concerning that status, the charge was consistent with the district court's above-quoted denial of the acquittal motion at the close of the Government's case); but, Clark never renewed his motion for judgment of acquittal.

In responding on appeal to this claim, however, the Government failed to identify this omission by Clark. Of course, we, not the parties, determine our standard of review. *E.g., United States v. Herrera*, 313 F.3d 882, 885 n.* (5th Cir. 2002)(en banc). Under this procedural posture, that standard is well settled:

> [W]hen the defendant moves for judgment of acquittal at the close of the government's case in chief, and defense evidence is thereafter presented but the defendant fails to renew the motion at the conclusion of all of the evidence, *he waives objection to the denial of his earlier motion*.... Accordingly, our review is limited to determining whether there was a manifest miscarriage of justice.... That occurs only where the record is devoid of evidence pointing to guilt or contains evidence on a key element of the offense [that is] so tenuous that a conviction would be shocking.

*United States v. McIntosh*, 280 F.3d 479, 483 (5th Cir. 2002) (emphasis added; internal quotation marks omitted; citations omitted; alterations in original). As explained *infra*, there is evidence in the record — indeed, quite abundant — pointing to Clark's guilt under any standard for fugitive from justice status; his conviction is not a manifest miscarriage of justice.

6

A "fugitive from justice" is defined as "any person who has fled from any State to avoid prosecution for a crime or to avoid giving testimony in any criminal proceeding". 18 U.S.C. § 921(a)(15). Noting that our court has not determined the requisite standard of proof for such status, Clark maintains we should follow the Ninth and Eleventh Circuits and require the Government to prove he intended to flee a jurisdiction for the purpose of avoiding prosecution. Clark asserts: the evidence was insufficient to prove, on a subjective basis, his intent; and, therefore, the Government is unable to prove a necessary element of fugitive from justice status. Alternatively, he contends that, even under the lesser standard used by the district court for such status, the evidence was insufficient.

In the context of a § 922(g)(2) violation (fugitive from justice possessing firearm), *United States v. Durcan*, 539 F.2d 29, 30-31 (9th Cir. 1976), held that "an indispensable requisite of the prosecution's proof" is showing the defendant left the jurisdiction "with the intent to avoid arrest or prosecution". *Durcan* held the evidence insufficient to "establish the... specific intent required". *Id*. at 32. *United States v. Collins*, 61 F.3d 1379, 1385 (9th Cir. 1995), reiterated this standard, closing a loophole in the *Durcan* analysis so that it includes fugitives who return to the prosecuting jurisdiction but continue to conceal themselves from authorities there.

7

Similarly, the Eleventh Circuit has held that, in the context of § 922(g)(2), the Government must prove the defendant "purposely" stayed outside the jurisdiction "with the intent to avoid prosecution"; "'[m]ere absence from the jurisdiction in which a crime occurred does not render the suspect a fugitive from justice'". *United States v. Gonzalez*, 122 F.3d 1383, 1387 (11th Cir. 1997) (quoting *United States v. Fonseca-Machado*, 53 F.3d 1242, 1243-44 (11th Cir. 1995)).

In urging adoption of this standard, Clark claims the Government must prove, on a subjective basis, that he left Illinois with the specific intent to avoid prosecution there. He claims the Government cannot do so, maintaining: although the Government proved he knew of the outstanding charges, it failed to prove he was aware of any specific court date; it did not offer any evidence — such as proof Clark received written documentation or a notice of hearing relating to a specific court date in Illinois — that bears on his intent for leaving Illinois and missing his court appearance; no evidence was presented that his failure to appear was anything more than a mistake; and if, as the Government contends, he was traveling between Mississippi and Illinois for the purpose of selling firearms, he could not possibly be a fugitive in any meaningful sense because of his repeated, voluntary returns to Illinois, the prosecuting jurisdiction. Clark contends that the Government must prove that he willfully avoided the charges.

8

Quite different requirements for fugitive from justice status are followed by the Fourth and Seventh Circuits. In the context of both § 922(g)(2) (prohibiting fugitive from justice possession of firearm) and § 922(a)(6) (proscribing causing straw purchaser to make material false statements for firearm purchase), *United States v. Spillane*, 913 F.2d 1079, 1081 (4th Cir. 1990), rejected the claim "that to meet the requisite burden of proof the prosecution must show that the [defendant] left [the jurisdiction] with the intent to avoid facing the charges pending against him". Instead, *Spillane* held the status proved if the defendant purposely left the prosecution jurisdiction, knowing that charges are pending, and refused to answer those charges by appearing before the prosecuting tribunal. In this regard, "[i]t is not necessary that the accused make a furtive exit from the prosecuting jurisdiction". *Id*. at 1082.

Likewise, *United States v. Ballentine*, 4 F.3d 504, 506 (7th Cir. 1993), held that "knowledge of one's status as a 'fugitive' simply is *not* an element of 18 U.S.C. § 922(g)(2)". Fugitive status does require scienter, but it is not knowledge that a defendant carries the "name or status of 'fugitive'"; instead, it is knowledge that charges are pending against him. *Id*. An individual who, with such knowledge, deliberately leaves the prosecuting jurisdiction and refuses to answer those charges by appearing before the court is a fugitive from justice. *Id*.

9

As discussed, because Clark failed to properly move for judgment of acquittal, we need not decide which approach to follow; the issue is waived. Instead, we review only to ensure there is no manifest miscarriage of justice.

Along that line, it is not disputed that Clark intentionally left Illinois, knowing charges were pending against him there under a false name. There is evidence that: Clark failed to appear before the court in Illinois where charges were pending; he had failed to appear in Illinois court once before; and he deliberately misled Illinois authorities by providing both a false name (Bailey) and false address (Mississippi). In sum, the record is not "devoid of evidence" pointing to Clark's guilt — far from it.

## B.

Clark claims there was insufficient evidence to support his sentence enhancement, pursuant to U.S.S.G. § 2K2.1(b)(4) (two level enhancement if firearm has "obliterated serial number"), for filed down serial numbers on some of the recovered firearms. Noting that he was not convicted of offenses with respect to these firearms, Clark contends: others obliterated the numbers; and he should not be sentenced on the basis of their conduct.

The district court's application and interpretation of the Sentencing Guidelines are reviewed *de novo*; its findings of fact, only for clear error. *E.g., **United States v. Jimenez***, 323 F.3d 320, 322 (5th Cir. 2003). In sentencing, the burden of proof is by

10

a preponderance of the evidence; and the district court may rely on uncharged offenses, dismissed counts, or even offenses on which the defendant is acquitted.  *E.g., **United States v. Watts***, 519 U.S. 148, 157 (1997); ***United States v. Cockerham***, 919 F.2d 286, 289 (5th Cir. 1990), *overruled on other grounds*, ***United States v. Calverley***, 37 F.3d 160, 163 n.20 (5th Cir. 1994) (en banc).

There was no error.  Clark's not being convicted on an offense relating to these firearms did not preclude the district court's considering them for sentencing purposes.  For example, one person testified:  although he and another did file off the serial numbers on several firearms, they did so at Clark's request, immediately prior to delivering them to him for sale in Chicago.

### III.

For the foregoing reasons, the judgment is

*AFFIRMED*.