**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4092**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANTHONY CHARLES BROWN,

Defendant – Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Danville. Jackson L. Kiser, Senior District Judge. (4:99-cr-70105-jlk-1)

Submitted: March 10, 2010          Decided: March 26, 2010

Before NIEMEYER, KING, and AGEE, Circuit Judges.

Remanded by unpublished per curiam opinion.

Larry W. Shelton, Federal Public Defender, Fay F. Spence, First Assistant Federal Public Defender, Roanoke, Virginia, for Appellant. Julia C. Dudley, United States Attorney, Craig J. Jacobsen, Assistant United States Attorney, Roanoke, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

On July 27, 1999, a state court in Danville, Virginia, charged Anthony Charles Brown with transporting one ounce or more of cocaine into Virginia with the intent to distribute. After his release on $50,000 bond, Brown failed to appear for a hearing on September 14, 1999, and a warrant was issued for his arrest. On November 18, 1999, a federal grand jury sitting in Roanoke, Virginia, indicted Brown on one count of knowingly and intentionally possessing with intent to distribute more than five grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1). An arrest warrant for Brown was issued the next day, and remained in effect until Brown was apprehended in New York over eight years later, on March 5, 2008.

Following Brown's apprehension, the federal grand jury issued a superseding indictment charging him with knowingly and intentionally possessing with intent to distribute more than fifty grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A) (2006). Brown moved to dismiss the superseding indictment as violating the five year federal statute of limitations, see 18 U.S.C. § 3282(a) (2006), and because it broadened the charges against Brown by increasing the amount of cocaine base attributed to him. Following an evidentiary hearing, the district court denied the motion. Two days later, Brown pled guilty to Count One in the superseding

2

indictment without the benefit of a plea agreement. The district court sentenced Brown to 188 months imprisonment, and Brown noted a timely appeal.

On appeal, Brown raises several challenges, the first of which is that the district court should have granted his motion to dismiss the indictment as time-barred. This court reviews de novo a motion to dismiss an indictment as time-barred when the motion is based upon a question of law, rather than on the existence of the facts contained in the indictment. United States v. United Med. & Surgical Supply Corp., 989 F.2d 1390, 1398 (4th Cir. 1993).

The statute of limitations for non-capital crimes is five years. See 18 U.S.C. § 3282(a). Brown's offense occurred in 1999, and the superseding indictment against him was filed in 2008, more than five years after the offense. Before the district court, the Government argued that this superseding indictment was nonetheless timely because (1) it related back to the original 1999 indictment and (2) the statute of limitations was tolled because Brown was a fugitive from justice.

The district court, in denying the motion to dismiss, concluded that the original indictment related back to the 1999 indictment because "[t]he superseding indictment was based on the exact same facts as the original November 18, 1999 indictment," and left Brown "fairly alerted to the subsequent

3

charges against him and the time period at issue." (JA 208). In so concluding, the district court stated that it "need not express an opinion as to whether [Brown's] fugitive status tolled the statute of limitations." (JA 209).

On appeal, the Government has abandoned the argument that the superseding indictment related back to the 1999 indictment. See Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999) (noting that issue not properly raised in opening brief is abandoned); see also United States v. Brooks, 524 F.3d 549, 556 & n.11 (4th Cir. 2008) (same). Instead, the Government argues only that Brown's fugitive status tolled the limitations period under 18 U.S.C. § 3290 (2006), which provides, "[n]o statute of limitations shall extend to any person fleeing from justice." To invoke this statute, the Government must prove, by preponderance of the evidence, that the defendant fled "with the intent to avoid arrest or prosecution." United States v. Marshall, 856 F.2d 896, 900 (7th Cir. 1988); see also United States v. Gonsalves, 675 F.2d 1050, 1052 (9th Cir. 1982) (same).

Brown's intent in leaving the jurisdiction is a question of fact. Marshall, 856 F.2d at 900; see also United States v. Fonseca-Machado, 53 F.3d 1242, 1243-44 (11th Cir. 1995); Gonsalves, 675 F.2d at 1052. The district court expressly declined to make that factual finding below, ruling

4

only that the superseding indictment related back to the original 1999 indictment. Accordingly, we remand this case to the district court for the limited purpose of permitting that court to determine, in the first instance, whether § 3290 applies in this case. The record, as supplemented, will then be returned to this court for further proceedings.

<u>REMANDED</u>