**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4092**

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

ANTHONY CHARLES BROWN,

                    Defendant – Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Danville.   Jackson L. Kiser, Senior District Judge.  (4:99-cr-70105-jlk-1)

Submitted:  June 21, 2011            Decided:  July 13, 2011

Before NIEMEYER, KING, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Larry W. Shelton, Federal Public Defender, Fay F. Spence, First Assistant Federal Public Defender, Roanoke, Virginia, for Appellant.   Julia C. Dudley, United States Attorney, Craig J. Jacobsen, Assistant United States Attorney, Roanoke, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

On July 27, 1999, Anthony Charles Brown was charged in state court in Danville, Virginia with transporting one ounce or more of cocaine into Virginia with the intent to distribute. After his release on $50,000 bond, Brown failed to appear for a hearing on September 14, 1999, and a warrant was issued for his arrest. On November 18, 1999, a federal grand jury sitting in Roanoke, Virginia, indicted Brown on one count of knowingly and intentionally possessing with intent to distribute more than five grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2006). An arrest warrant for Brown was issued the next day, and remained in effect until Brown was apprehended in New York over eight years later, on March 5, 2008.

Following Brown's apprehension, the federal grand jury issued a superseding indictment charging him with knowingly and intentionally possessing with intent to distribute more than fifty grams of cocaine base, in violation of 21 U.S.C.A. § 841(a)(1) and (b)(1)(A) (West 1999 & Supp. 2011). Brown moved to dismiss the superseding indictment, arguing that it violated the five-year federal statute of limitations, see 18 U.S.C. § 3282(a) (2006). Brown also moved to suppress evidence found in a 1999 search of his bags at a train station. The district court denied both motions. Brown pleaded guilty to Count One in the superseding indictment without the benefit of a plea

2

agreement. At sentencing, the district court declined to grant Brown a three-level reduction for acceptance of responsibility and added a two-level increase for obstruction of justice, sentencing Brown to 188 months' imprisonment. Brown noted a timely appeal.

On appeal, Brown raises four arguments. First, he agues that the district court erred in denying his motion to dismiss the indictment as time-barred. This court reviews de novo a motion to dismiss an indictment as time-barred when the motion is based upon a question of law, rather than on the existence of the facts contained in the indictment. United States v. United Med. & Surgical Supply Corp., 989 F.2d 1390, 1398 (4th Cir. 1993).

The statute of limitations for non-capital crimes is five years. 18 U.S.C. § 3282(a). Brown's offense occurred in 1999, and the superseding indictment against him was filed in 2008, more than five years after the offense. However, on remand, the district court determined that after the arrest warrant was issued, Brown fled with the intent to avoid arrest.[*] Brown's fugitive status thus tolled the limitations period under

---

[*] We previously remanded the appeal to the district court for the limited purposes of resolving this factual issue. United States v. Brown, 374 F. App'x 450 (4th Cir. 2010) (No. 09-4092).

3

18 U.S.C. § 3290 (2006), which provides, "[n]o statute of limitations shall extend to any person fleeing from justice." Accordingly, Brown's first argument is without merit.

Next, Brown argues that the district court erred in denying Brown's motion to suppress. We review the factual findings underlying the denial of a motion to suppress for clear error and the court's legal conclusions de novo. United States v. Branch, 537 F.3d 328, 337 (4th Cir. 2008). The evidence is construed in the light most favorable to the prevailing party below. United States v. Foster, 634 F.3d 243, 246 (4th Cir. 2011).

The Fourth Amendment does not prohibit all searches and seizures, merely those found to be unreasonable. Florida v. Jimeno, 500 U.S. 248, 250 (1991). Although a warrantless search generally is "per se unreasonable," one of the established exceptions to this rule is a "search that is conducted pursuant to consent." Schneckloth v. Bustamonte, 412 U.S. 218, 219 (1973). In determining the scope of the consent, the court uses an objective reasonableness standard. Jimeno, 500 U.S. at 251. In other words, the court considers what "the typical reasonable person [would] have understood by the exchange between the officer and the suspect." Id. "The scope of a search is generally defined by its expressed object." Id. A suspect may

4

also impose limits on the scope of the search to which he consents. Id.

Here, a reasonable person would have understood that Brown consented to the search of his bags. Accordingly, the district court did not clearly err in so determining.

We also reject Brown's remaining two grounds for appeal. Brown argues that the court erred in both adopting the presentence report's recommendation denying a three-level reduction for acceptance of responsibility and in imposing a two-level enhancement for obstruction of justice. This court reviews the district court's decision for clear error. United States v. Kise, 369 F.3d 766, 771 (4th Cir. 2004) (acceptance of responsibility); United States v. Kiulin, 360 F.3d 456, 460 (4th Cir. 2004) (obstruction of justice). Given Brown's fugitive status and inconsistent testimony, the district court did not clearly err in denying Brown the acceptance of responsibility reduction or in imposing a two-level enhancement for obstruction of justice.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5