NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3949
_____

UNITED STATES OF AMERICA

v.

JOSEPH P. DONAHUE,

Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
D. C. Criminal No. 3-11-cr-00033-001
District Judge: Honorable A. Richard Caputo

_____

Submitted under Third Circuit LAR 34.1(a)
on October 7, 2016

Before:  SHWARTZ, COWEN and ROTH, Circuit Judges

(Opinion filed: March 8, 2017)

_____

OPINION[*]

_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

ROTH, Circuit Judge

Joseph P. Donahue appeals his convictions for possession of a firearm by a fugitive from justice and possession of a stolen firearm. Since there is sufficient evidence to sustain these convictions, we will affirm.

**I.**

Donahue was originally convicted of bank fraud, making false statements, accessing an unauthorized device, and money laundering.[1] Upon conviction, he signed an order setting conditions of release, which advised that "[i]f after release, you knowingly fail to appear as required by the conditions of release, or to surrender for the service of sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed." In December 2010, Donahue was sentenced to a term of 121 months' imprisonment and ordered to surrender for this sentence on January 4, 2011. Donahue failed to surrender, and an arrest warrant was issued on January 5. Two weeks later, Donahue was apprehended in New Mexico and charged with, *inter alia*, possession of a firearm by a fugitive[2] and possession of a stolen firearm.[3] A trial began on August 24, 2015, and the jury returned a verdict of guilty. Donahue now appeals his conviction on these counts, based on insufficiency of the evidence.

**II.**

The District Court had jurisdiction over this matter pursuant to 18 U.S.C. § 3231. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. We review sufficiency of

_____

[1] *United States v. Donahue*, 764 F.3d 293, 296 (3d Cir. 2014).
[2] 18 U.S.C. §§ 922(g)(2), 924(a)(2).
[3] 18 U.S.C. §§ 922(j), 924(a)(2).

the evidence claims by "view[ing] the evidence in the light most favorable to the government" and "sustain[ing] the verdict if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[4]

### A.

Donahue first appeals the sufficiency of the evidence supporting his conviction of possession of a firearm by a fugitive, arguing that there was insufficient evidence to prove he was a "fugitive." A "fugitive from justice" is "any person who has fled from any State to avoid prosecution for a crime or to avoid giving testimony in any criminal proceeding."[5]

Here, there was sufficient evidence to find that Donahue was attempting to avoid further prosecution for failing to surrender for his sentence. The evidence demonstrates that Donahue left the state and failed to surrender for his prison sentence. He was found with materials detailing how to be a fugitive from justice. Donahue also had false identification and utility notices under an alias. A reasonable jury could have concluded that Donahue was trying to avoid further prosecution for failure to surrender by assuming a new identity and covering his tracks.

Donahue claims that he could not be convicted of having the requisite intent upon leaving the state because he left the state before an arrest warrant was issued or criminal charges were pending. We do not find this claim persuasive. Donahue relies on a Ninth

---

[4] *United States v. Dent*, 149 F.3d 180, 187 (3d Cir. 1998) (internal quotation and citations omitted).

[5] 18 U.S.C. § 921(a)(15).

Circuit case, *United States v. Durcan*,[6] for his claim that he must have the requisite intent to flee *upon leaving* in order to be a fugitive under 18 U.S.C. § 921(a)(15). We need not adopt or reject the Ninth Circuit's requirement here.[7] There was sufficient evidence for a reasonable jury to find that Donahue had the requisite intent to flee before leaving the state, even under the Ninth Circuit's standard. Intent to flee can be established when further prosecution is substantially certain but not already initiated.[8] A reasonable jury could have found that Donahue knew that, if he did not surrender on January 4, 2011, an arrest warrant would be issued. At trial, his probation officer said that he met Donahue the day before he was scheduled to surrender and discussed the importance of getting to the facility on time. Donahue additionally signed an order setting conditions of release, advising him that if he "knowingly fail[s] to appear as required by the conditions of release, or to surrender for the service of sentence, [he] may be prosecuted for failing to appear or surrender and additional punishment may be imposed." Such knowledge, in conjunction with the decision to leave the state, is sufficient evidence of intent to flee.

Insofar as Donahue argues that he cannot be considered a fugitive if there was no active warrant or charge when he fled, we disagree. 18 U.S.C. § 921(a)(15) merely requires that a person "fle[e] from any State to avoid prosecution for a crime[,]" not that

---

[6] 539 F.2d 29 (9th Cir. 1976).

[7] We note, however, that circuits have split over whether to adopt the Ninth Circuit's definition; the Fourth Circuit reasoned that such a requirement "would exempt from prosecution those who for some collateral reason leave a state in which charges against them are pending, and later decide not to return because they do not wish to face such charges." *United States v. Spillane*, 913 F.2d 1079, 1081 (4th Cir. 1990).

[8] *See Durcan*, 539 F.2d at 32 ("[T]he bare fact that Durcan left Florida several weeks prior to the issuance of the warrant would not be conclusive proof of his innocent intent in the face of convincing evidence to the contrary. . ..").

the prosecution for a charge be already initiated. Here, even if no arrest warrant had been issued when Donahue left the state, Donahue had an active criminal conviction and signed a corresponding acknowledgment form detailing the likelihood of further prosecution if he did not serve his sentence.

For these reasons we reject Donahue's argument that no reasonable jury could have found him to be a fugitive.

## B.

Donahue next challenges whether there was sufficient evidence to support his conviction of possession of a stolen firearm. Conviction under 18 U.S.C. § 922(j) requires that (1) the defendant knowingly possessed the firearm, (2) the firearm was stolen, (3) the defendant knew or had reasonable cause to believe the firearm was stolen, and (4) the firearm was shipped or transported in interstate commerce either before or after it was stolen.[9] Donahue argues that there was insufficient evidence to prove the first three elements.

We disagree. First, there was sufficient evidence to find that Donahue knowingly possessed the gun. The care in concealing the weapon—found wrapped in cloth and stuffed in a boot—implies both awareness of it and a desire to keep it hidden. The location of the gun similarly implies Donahue's knowing possession: the gun was found in a duffle bag containing clothes and a bank envelope filled with cash. The duffle bag itself was stuffed in the trunk of the car Donahue was driving.

---

[9] *United States v. White*, 816 F.3d 976, 985 (8th Cir. 2016).

The second and third elements rely on the gun being stolen. Donahue contends that "picking up and keeping [a] firearm" does not constitute theft. While simply keeping a found firearm may not constitute stealing, the pertinent issue is whether a reasonable jury could have found, as the judge instructed, that the gun was "taken or kept with the intent to deprive the owner of possession of the property."[10]

Here, there was sufficient evidence to find intent to deprive the original owner of possession. First, the circumstances surrounding the disappearance of the gun could have convinced a jury that Donahue found the gun and was aware that the owner was searching for it. The gun, which belonged to an off-duty police officer, had disappeared while the officer was at a ski resort. Donahue and his daughters were at the same resort at that time. When the gun was reported missing, two ski trails were closed and a Pennsylvania State Police trooper put out a public information release report alerting the public that there was a missing firearm on the slope. A jury could find that Donahue was on notice that any firearm found on the slopes belonged to someone who was actively searching for it. Second, the care in concealing the gun could convince a reasonable jury that Donahue intended to keep the gun from its true owner.

Given the circumstances surrounding the gun's disappearance and the manner in which it was discovered in Donahue's car, there was sufficient evidence for a jury to

---

[10] App. 961a. The Supreme Court has noted that the word "stolen" should be given "the meaning consistent with the context in which it appears." *United States v. Turley*, 352 U.S. 407, 413 (1957). While we have not expressly adopted an interpretation for the purposes of 18 U.S.C. § 922(j), the Eighth Circuit has interpreted "stolen" as broader than that of common-law larceny, encompassing all wrongful takings. *United States v. Tyerman*, 701 F.3d 552, 565 (8th Cir. 2012). We do not resolve this issue here, as the parties have not expressly appealed this definition.

decide that Donahue knowingly possessed the firearm, that the gun was stolen, and that Donahue knew or had reasonable cause to believe that it was stolen.

## III.

For the foregoing reasons, we will affirm the District Court's judgment of conviction.