NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1907
_____

UNITED STATES OF AMERICA

v.

JOSEPH P. DONAHUE,
                            Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3-11-cr-00033-001)
District Judge:  Honorable A. Richard Caputo
_____

Submitted under Third Circuit LAR 34.1(a)
October 29, 2019

Before:  SMITH, *Chief Judge*, HARDIMAN, and PHIPPS, *Circuit Judges*.

(Filed: November 1, 2019)

_____

OPINION[*]
_____

_____

   [*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

HARDIMAN, *Circuit Judge*.

Joseph P. Donahue appeals an order of the District Court denying his motion to vacate his convictions under 28 U.S.C. § 2255. Donahue argues that he was deprived of his Sixth Amendment right to assistance of counsel under *United States v. Cronic*, 466 U.S. 648 (1984), claiming his lawyer was unconscious during the trial. Because the judge who presided at Donahue's trial appropriately rejected that premise, we will affirm.

I

In 2010, we affirmed Donahue's convictions on four counts of bank fraud, ten counts of using a credit card with intent to defraud, one count of money laundering, and one count of making false statements. *United States v. Donahue*, 460 F. App'x 141, 142 (3d Cir. 2012). After Donahue failed to report to serve his sentence on those convictions, he was convicted of failure to surrender and three firearms offenses. *United States v. Donahue*, 681 F. App'x 171, 172 (3d Cir. 2017). Donahue appealed two of those four counts of conviction. We affirmed again, *id*., and the United States Supreme Court denied certiorari, *see Donahue v. United States*, 138 S. Ct. 128 (2017).

In November 2017, Donahue filed the § 2255 petition at issue here. Donahue claimed his attorney, William Ruzzo, performed so poorly at trial in August 2015 that Donahue was denied counsel under *Cronic*. According to Donahue, Ruzzo had a serious medical condition that required him to "cancel numerous appointments [with Donahue]"

2

before trial and rendered Ruzzo "effectually incapacitated at numerous and crucial times" during the trial. App. 74, 61. Donahue claimed that Ruzzo's condition was "visible throughout the ten day trial"—so visible that "[t]he presiding judge . . . certainly observe[d] [Ruzzo's] lapses" and "on numerous occasions acted to bring [Ruzzo] out of his . . . stupor [by] calling out, 'Mr. Ruzzo? Mr. Ruzzo?'" App. 70. Donahue also claimed that "[d]efense team assistants . . . at various times took steps to nudge defense counsel back into reality," that "[j]ury members observed [Ruzzo's] lapses throughout the trial," and that he voiced frustrations to Ruzzo and to defense assistants. *Id*. He said that Ruzzo, Ruzzo's physician, defense assistants, and jury members all could attest that his assertions were true.

The Government countered that Ruzzo was "alert, engaged and effective throughout the trial." App. 99. In reply, Donahue conceded that "[t]hroughout most of the trial [Ruzzo] was a staunch advocate" and that he was "effective and obviously cognizant" when examining witnesses. App. 110. Nevertheless, Donahue insisted that Ruzzo was ineffective during the "drawn out direct examinations of the government witnesses," during which Ruzzo was "seated and inactive." *Id.*

On March 21, 2018, the District Court denied Donahue's motion without an evidentiary hearing. The Court rejected Donahue's request to apply *Cronic*, holding that *Strickland v. Washington*, 466 U.S. 668 (1984), applies when a defendant claims

ineffectiveness "based on counsel's physical or mental health." *United States v. Donahue*, 2018 WL 1410772, at *5 (M.D. Pa. 2018).

Drawing on his first-hand observation of Ruzzo's performance at the trial and his review of the record, Judge Caputo rejected Donahue's assertions and held Donahue could not satisfy either prong of the familiar *Strickland* test. He found:

> First, Donahue has not cited to any instances in the record where his counsel's performance fell below an objective standard of reasonableness. Contrary to Donahue's claim that his counsel was "unconscious" at points during the trial, the record is clear that his counsel was alert and attentive during the entirety of the proceedings. Donahue's counsel subjected the Government's case to meaningful adversarial testing, including conducting appropriate cross-examinations of the Government's witnesses. In addition, counsel called numerous witnesses in support of Donahue's defense. And based on my personal knowledge of counsel's performance as having been the presiding judge at trial, I note that counsel was actively engaged in the proceedings at all times . . . .
>
> Donahue also fails to demonstrate prejudice . . . . Again, Donahue fails to point to any errors or omissions by his counsel, and he is likewise unable to identify how his counsel's unidentified errors would have produced a different outcome at trial . . . .

2018 WL 1410772, at *6. He then denied Donahue a certificate of appealability.

Donahue requested a certificate of appealability from this Court wherein he retreated from his earlier claim that the District Court "certainly observe[d]" Ruzzo's lapses. App. 70. This time, he argued that the District Court "cannot possibly pay attention to what is silently going on at the defense table on the other side of the room or possibly be aware that the open eyed 1000 yard stare on the face of [Ruzzo] was

4

indicative of [Ruzzo] being in an unconscious state, a stupor, at various points during the ongoing trial." App. 8. Donahue maintained that the trial judge sometimes "aroused [Ruzzo] from his slumber with a, 'Mr. Ruzzo? Mr. Ruzzo?'" *Id.* He also asserted that Ruzzo had life-saving surgery to address his medical condition shortly after trial. And when Ruzzo died a few weeks after Donahue filed this appeal (but more than three years after Donahue's trial), Donahue notified us of this fact.

We issued a certificate of appealability to consider whether the District Court erred in denying, without an evidentiary hearing, Donahue's claim that Ruzzo was ineffective based on Ruzzo's medical condition.

## II[1]

A federal habeas petitioner like Donahue is entitled to an evidentiary hearing "[u]nless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

Here, the District Court did not abuse its discretion in determining no hearing was necessary. The record, supplemented by the trial judge's personal knowledge of Ruzzo's performance, conclusively negated Donahue's claim that Ruzzo was unconscious at trial. *See Donahue*, 2018 WL 1410772, at *4 n.4. Our caselaw permits the Court to negate a

---

[1] The District Court had jurisdiction under 28 U.S.C. § 2255 and 28 U.S.C. § 2241. We have jurisdiction under 28 U.S.C. § 1291 and 28 U.S.C. § 2253.

petitioner's factual assertions in this manner. *See Gov't of V.I. v. Nicholas*, 759 F.2d 1073, 1075 (3d Cir. 1985) (holding no hearing was necessary where "the record, supplemented by the trial judge's personal knowledge, conclusively negate[d] the factual predicates asserted by [the petitioner]").

In fact, our review of the trial transcript corroborates the District Court's account of Ruzzo's performance. For example, Ruzzo questioned and moved to strike potential jurors, delivered a lengthy opening statement, cross-examined the government's witnesses, called numerous witnesses in Donahue's defense, introduced numerous exhibits, successfully objected to the prosecution's cross-examination of Donahue, discussed jury instructions with the Court and opposing counsel, delivered a lengthy closing statement, and successfully objected to the government's rebuttal.

Donahue failed to cite anything in the record to support his assertion that the District Court tried to rouse Ruzzo by calling out his name. Nor did our independent review find such an occurrence. So we cannot disturb the District Court's factual finding that Ruzzo was conscious at trial.

In view of this finding, we readily conclude that the District Court correctly determined that Donahue's remaining allegations did not entitle him to relief as a matter of law. *See United States v. Dawson*, 857 F.2d 923, 927–28 (3d Cir. 1988) (stating no hearing is necessary where "those claims that are nonfrivolous conclusively fail to show

6

ineffective assistance of counsel"). Donahue's remaining allegation on appeal is that Ruzzo's medical condition may have affected his performance at trial. Donahue Br. 13. But because this allegation does not establish the sort of actual or constructive denial of counsel that *Cronic* contemplated, *see Bell v. Cone*, 535 U.S. 685, 695–96 (2002), *Strickland* applies. *See Bellamy v. Cogdell*, 974 F.2d 302, 308 (2d Cir. 1992) ("[G]iven the varying effects health problems can have on an individual's ability to function, claims of ineffective assistance based on attorney illness are best suited to the fact-specific prejudice inquiry mandated by *Strickland*."). As the District Court held, Donahue cannot satisfy either of *Strickland*'s prongs because he has not cited to any instances in the record where Ruzzo's performance fell below an objective standard of reasonableness or established a likelihood that the outcome of his trial would have been different but for Ruzzo's alleged ineffectiveness. Thus, the Court did not err when it held that Donahue is not entitled to relief as a matter of law.

\* \* \*

In sum, Donahue's "bald assertions and conclusory allegations do not provide sufficient ground . . . to require an evidentiary hearing," *Zettlemoyer v. Fulcomer*, 923 F.2d 284, 301 (3d Cir. 1991) (internal citations omitted). This is especially so because they contradict the record and the trial judge's personal knowledge of the trial. We will therefore affirm.

7